WING *v.* REFINERS TRANSPORTATION & TERMINAL CORP.
CLAIM OF ATEN.

1. WORKMEN'S COMPENSATION—APPEAL FROM DEPUTY COMMISSIONER
—CLAIM FOR REVIEW.

A statement in a letter to the department of labor and industry
from a party to proceedings to recover workmen's compensa-
tion that such party desired to appeal from the decision of
the deputy commissioner *held,* sufficient claim for review under
the statute, strict rules of pleading not being required (2
Comp. Laws 1929, § 8447, as amended by Act No. 245, Pub.
Acts 1943).

2. SAME—CLAIM FOR REVIEW—EXTENSION OF TIME FOR FILING.

Where a sufficient claim for review of the decision of a deputy
commissioner of the department of labor and industry is filed
within the time prescribed by statute, there is no need to have
the time extended for the purpose of filing a formal claim
for review (2 Comp. Laws 1929, § 8447, as amended by Act
No. 245, Pub. Acts 1943).

3. SAME—CLAIM FOR REVIEW—BELATED ACCEPTANCE OF TRANSCRIPT.

Where statute does not require that an employee who sought
review of proceedings had before a deputy commissioner of
the department of labor and industry must furnish or file a
copy of the testimony and proceedings had before the deputy,
the department could make, and has made, a rule requiring
any party filing a claim for review to file such a transcript
within a given time, but where the transcript is filed after such
time has expired without objection interposed at time of ac-
ceptance for filing with the department, such belated accept-
ance would not constitute sufficient ground for setting aside
order subsequently entered on review (2 Comp. Laws 1929,
§§ 8442, 8447, 8450, as amended by Act No. 245, Pub. Acts
1943; Department of Labor & Industry, Compensation Com-
mission Rules of Practice Nos. 10, 20).

4. SAME—RULES—EXTENSION OF TIME.

It is within the power of the workmen's compensation commission of the department of labor and industry to extend the time within which to comply with its own rule when such an extension is reasonable (Department of Labor & Industry, Compensation Commission Rules of Practice No. 20).

5. STATUTES—AMENDMENT—INAPPLICABLE REFERENCE.

Where an amendment of a section of a statute is such as to render a specific reference thereto inapplicable for the purpose of the reference, resort may be had to other pertinent parts of the act and rules of the administrative body promulgated pursuant to the act (2 Comp. Laws 1929, §§ 8449, 8453, as amended by Act No. 245, Pub. Acts 1943; Department of Labor & Industry, Compensation Commission Rules of Practice No. 18).

6. WORKMEN'S COMPENSATION—ATTORNEY FEES.

Jurisdiction to review deputy commissioner's order fixing attorney fees was afforded compensation commission of the department of labor and industry where a sufficient claim for review was timely filed as such fees may be fixed by a special order in any particular case (2 Comp. Laws 1929, § 8449, as amended by Act No. 245, Pub. Acts 1943).

7. COSTS—BRIEF ON APPEAL.

No costs are allowed appellee on affirmance of order on appeal from department of labor and industry where appellee filed no brief in the Supreme Court.

Appeal from Department of Labor and Industry. Submitted October 8, 1946. (Docket No. 20, Calendar No. 43,442.) Decided January 6, 1947.

Compensation proceedings by Etta Wing against Refiners Transportation & Terminal Corporation and Liberty Mutual Insurance Company. On petition of Murl K. Aten and Phillip C. Kelly for determination of amount of attorneys' fees. Award to petitioners. Petitioners appeal. Affirmed.

*Murl K. Aten* and *Phillip C. Kelly, in pro. per.*

BOYLES, J. One George Wing suffered a personal injury resulting in his death, while an employee of

the defendant Refiners Transportation & Terminal Corporation. On November 30, 1944, Etta Wing, as guardian of Janet Wing, his seven-year-old daughter, was awarded compensation for his death, by a deputy commissioner of the department of labor and industry. No appeal was taken, and payments are being made pursuant to the award.

A controversy arose between Etta Wing, guardian, and her attorneys, Murl K. Aten and Phillip C. Kelly, appellants herein, regarding the amount of their claim for attorney fees in connection with said award. On July 23, 1945, appellants filed in the department a petition for a hearing and determination of the amount of their attorney fees, under the provisions of part 3, § 10, of the workmen's compensation act (2 Comp. Laws 1929, § 8449, as amended by Act No. 245, Pub. Acts 1943 [Comp Laws Supp. 1945, § 8449, Stat. Ann. 1946 Cum. Supp. § 17.184]), to which reference will again be made later.

This petition for determination of appellants' attorney fees was heard by a deputy commissioner on September 4, 1945, and the deputy made a determination and award of $848 to appellants "in full of all legal services rendered in the above entitled cause to the date hereof." Apparently this was in addition to $152 already paid appellants, making a total of $1,000. This award was filed in the department September 26, 1945.

On October 1, 1945, Etta Wing, guardian, wrote a letter to the chairman of the department of labor and industry which was received and filed in the department October 2d, in which she stated:

"I wish to file an appeal on the decision of John J. McGinty at the hearing heard in Jackson on September 4, 1945 to fix attorney fees, the award is for $848. I have paid them $152 which I think is sufficient."

This letter further asked for the name of the stenographer in order to obtain a copy of the testimony, and for "some reliable information" as to what she was supposed to do. The secretary of the department replied promptly by sending to Etta Wing the blanks on which to file a formal claim for review. However, the formal claim for review was not filed until January 8, 1946.

Prior to the filing of the formal claim for review proceedings were taken by the commission on the assumption that this letter constituted a sufficient "claim for review." On November 6, 1945, appellants, having been advised of the filing of this letter through correspondence with the secretary of the department, filed in the department a motion to dismiss plaintiff's claim for review, the first ground being stated as follows:

"Because said claim for review was not properly filed."

The gist of appellants' claim for dismissal of plaintiff's appeal from the deputy's award on the above ground, and which is again urged here, was and is that no claim for review was filed within the time limited by statute (10 days from the time of filing the award of the deputy, 2 Comp. Laws 1929, § 8447, as amended by Act No. 245, Pub. Acts 1943 [Comp. Laws Supp. 1945, § 8447, Stat. Ann. 1946 Cum. Supp. § 17.182]). The motion to dismiss was denied by the commission. On the appeal to this Court, by leave granted, appellants again advance the same contention as ground for setting aside an order subsequently made by the commission modifying the deputy's award. On April 18, 1946, the commission entered an order modifying the award of the deputy commissioner. The present appeal to this Court is from said order. Appellants claim that

the commission did not have jurisdiction to modify the deputy's award.

The wording of the statute prior to amendment by Act No. 245, Pub. Acts 1943, was not substantially changed by the amendment in 1943. *Cf.* Act No. 10, pt. 3, § 8, Pub. Acts 1912 (1st Ex. Sess.) (2 Comp. Laws 1929, § 8447 [Stat. Ann. § 17.182]), and the same section amended by Act No. 245, Pub Acts 1943 (Comp. Laws Supp. 1945, § 8447, Stat. Ann. 1946 Cum. Supp. § 17.182). The applicable part provides:

"The decision of the member or deputy member of the commission shall be filed with the compensation commission. Unless a claim for a review is filed by either party within 10 days, the decision shall stand as the decision of the compensation commission: *Provided*, That said commission may, for sufficient cause shown, grant further time in which to claim such review."

Under this provision, and under the decisions of this Court, plaintiff's letter filed in the department on October 2d was a sufficient claim for review. In *Jones* v. *St. Joseph Iron Works*, 212 Mich. 174, a similar letter to the industrial accident board (now workmen's compensation commission) asked for "blanks for appeal of my case    *    *    *    and full information as to procedure, as I desire to appeal the case upon my own behalf without my attorney." While no formal claim for review in that case was filed within the statutory time, this was held to be a sufficient claim for review. The Court said (pp. 177, 178):

"(1) Was applicant's letter above quoted a sufficient claim for review of the decision of the arbitrators?    *    *    *

"We are persuaded that the    *    *    *    question must be answered in the affirmative.    *    *    *

"1. The statute (section 5461, 2 Comp. Laws 1915, amended by Act No. 64, Pub. Acts 1919) requires no formality in the claim for review and this Court has on numerous occasions recognized the summary character of these proceedings. Strict rules of pleading are not required. In *Kalucki* v. *American Car & Foundry Co.*, 200 Mich. 604, where this section of the statute was under consideration, this Court said:

" 'It may be noted in passing that a bare statement in writing of plaintiff's claim for review which could be written in two or three lines, would if filed with the board within the 7 days have preserved right of review under the provision of the statute.'

"And in *Brunette* v. *Quincy Mining Co.*, 197 Mich. 301 (16 N. C. C. A. 743), where it was urged that time was needed to prepare the claim for review and assignments of error, we said:

" 'The act only requires a *claim* for review to be filed within the 7 days, which can be quickly prepared and transmitted. Assignment of errors and grounds for review which counsel urge take time to prepare are not required by the act to be then stated.'

"While the language found in the letter does not strictly follow the language of the statute, we think it was sufficient."

See, also, *Zielke* v. *A. J. Marshall Co.*, 306 Mich. 474.

In the case now before us the commission considered the letter to be a sufficient claim for review. Appellants seemingly recognized the letter as a claim for review in moving the commission "to dismiss the claim for review heretofore filed   *   *   * because said claim for review was not properly filed." Apparently the basis of this claim is that the plaintiff did not file a formal claim for review (on the blanks provided by the commission) until January 8th. Appellants point out that the commission

did not extend the time for filing a claim for review, as might have been done under the above-quoted provision of the act, for sufficient cause shown. However, a claim for review having been filed within the statutory 10 days, there was no requirement that time for filing the same be extended by the commission.

The other ground on which appellants rely to set aside the order of the commission modifying the award by the deputy was stated in their motion to dismiss the claim for review as follows:

"Because more than 30 days have elapsed since the date of filing by plaintiff of her purported claim for review and no transcript of testimony or proceedings in the matter has been filed by said plaintiff."

The above statement was true at the time the motion to dismiss was filed in the department, November 6, 1945. The statute does not require that an *employee* who files a claim for review must furnish or file a copy of the testimony and proceedings had before the deputy. Part 3, § 11, of the act (2 Comp. Laws 1929, § 8450, as amended by Act No. 245, Pub. Acts 1943 [Comp. Laws Supp. 1945, § 8450, Stat. Ann. 1946 Cum. Supp. § 17.185]). The act does provide that the department may make rules not inconsistent with the act for the carrying out of its provisions (Part 3, § 3 [2 Comp. Laws 1929, § 8442 (Stat. Ann. § 17.176)]). Under that authority the commission had the power to make a rule requiring *any* party who files a claim for review to file such a transcript. *Guss* v. *Ford Motor Co.*, 275 Mich. 30. A rule to that effect has been made by the department as follows (Mich. Administrative Code [1944], Rule 10, p. 350):

"Whenever a claim for review from an award of the deputy commissioner is filed, the party making

such claim for review shall, at his expense, file a complete transcript of all the testimony taken and the proceedings had before the deputy commissioner within 30 days from the date the claim for review is filed.''

On November 29th when appellants' motion to dismiss the claim for review was brought on for consideration and denied by the commission, it entered an order extending for 20 days the time within which the plaintiff might file a transcript of the testimony. It was within the power of the commission to thus extend the time:

''The commission may grant extensions of time in which to comply with any *rule* when it shall deem such extensions of time reasonable.'' Mich. Administrative Code (1944), Rule 20, p. 351.

It is true the transcript was not filed within the time thus extended by the commission. However, no further objection to the filing of the transcript was made before the commission by the appellants, and its belated acceptance by the commission in the absence of any such objection does not constitute sufficient ground for setting aside the order subsequently entered and now under consideration. It would have been better practice to enter an order for further extension, which was within the power of the commission.

At the outset of this opinion reference is made to the statute under which appellants brought the instant proceeding before the commission (part 3, § 10, workmen's compensation act [2 Comp. Laws 1929, § 8449, as amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8449, Stat. Ann. 1946 Cum. Supp. § 17.184)]). The material part is as follows:

''The fees and payment thereof of all attorneys and physicians for services under this act shall be subject to the approval of the compensation com-

mission. In the event of disagreement between the parties as to the fees for services of attorneys and physicians, either party may apply to the compensation commission for a hearing in accordance with the terms of section 14, part 3, of the act, or the compensation commission may, by rule and regulation or by a special order in any particular case, prescribe maximum attorney fees and the manner in which the amount may be determined or paid by the employee.''

Doubtless by inadvertence, the provision, *supra,* ''for a hearing in accordance with the terms of *section 14, part 3, of the act''* has not been changed although the legislature by Act No. 245, Pub. Acts 1943, changed the entire purport and tenor of said section 14, part 3, of the act, so that it no longer applies to such hearings. (See section 14, part 3 [2 Comp. Laws 1929, § 8453, as amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8453, Stat. Ann. 1946 Cum. Supp. § 17.188)]). Under such circumstances resort may be had to other pertinent parts of the act, and the applicable rules of the commission. By rule, the commission has provided for compensation for attorneys as follows (Mich. Administrative Code [1944], Rule 18, p. 351):

''No fee in excess of 25 per cent. of the accrued compensation shall be charged or received for the enforcement or collection of a claim unless approved by the commission, nor shall any fee be charged or taken from an employee's weekly compensation payment unless approved by the commission. The limitation as to fees shall apply to the combined charges of attorneys who knowingly combine their efforts towards the enforcement or collection of any compensation claim.''

In the instant case the commission was within its authority in making the order here under consideration modifying the deputy's award of attorney fees

to appellants. It has the authority under part 3, § 10, of the act (2 Comp. Laws 1929, § 8449), as amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8449, Stat. Ann. 1946 Cum. Supp. § 17.184), *supra,* to prescribe maximum attorney fees "by a special order in any particular case." We conclude that a claim for review of the deputy's award was filed within the 10-day period after the award was filed in the department, that the commission had jurisdiction to review the award of attorney fees by the deputy and make a special order in the instant case fixing appellants' fees.

The order appealed from is affirmed, and the case remanded for further proceedings in accordance therewith, but without costs, appellee not having filed a brief in this Court.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, REID, NORTH, and DETHMERS, JJ., concurred.