RYAN *v.* STATE PRISON FOR SOUTHERN MICHIGAN.

1. WORKMEN'S COMPENSATION—APPEAL FROM REFEREE'S AWARD—
   COST OF TRANSCRIPT—STATUTES—RULES.

   Provision of workmen's compensation act that the cost of a
   hearing before the referee, "including the cost of taking sten-
   ographic notes, not exceeding, however, the taxable costs al-
   lowed in suits at law in the circuit courts  *  *  *  shall be
   *  *  *  paid by the State" does not impose upon the State
   the cost of a transcript of such notes for purposes of a review
   by the appeal board, hence, long-standing rule of the appeal
   board requiring an appellant from an award of the referee to
   furnish at appellant's expense a complete transcript of all the
   testimony taken and the proceedings had was not in conflict
   with the statute (CL 1948, §§ 413.10, 413.11; 1959 AACS,
   § R 408.49).

2. SAME—STATUTES—APPEAL—TRANSCRIPT.

   Provision of workmen's compensation act requiring an appellant
   employer from an award of the workmen's compensation ap-
   peal board to furnish to the employee or his attorney a copy of
   the testimony taken on the hearing and of exhibits necessary
   for the purposes of the appeal has no application to a review
   by the appeal board of a referee's finding (CL 1948, § 413.11).

3. SAME—CONSTRUCTION OF STATUTE—EMPLOYMENT SECURITY ACT.

   Provisions of the employment security act relative to review of
   determinations made by administrative agencies thereunder may
   not be used for interpreting statutory provisions found in the
   workmen's compensation act, where like provisions are not
   found in the workmen's compensation act.

4. COSTS—BRIEFS.

   No costs are allowed appellee on affirmance of order entered by
   workmen's compensation appeal board, where appellee has not
   filed a brief.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 4]  58 Am Jur, Workmen's Compensation § 543.
[2]  58 Am Jur, Workmen's Compensation § 522 *et seq.*
[3]  58 Am Jur, Workmen's Compensation §§ 26–31.

Appeal from Workmen's Compensation Appeal Board. Submitted January 10, 1963. (Calendar No. 22, Docket No. 49,775.) Decided March 7, 1963.

LeRoy D. Ryan presented his claim against Michigan State Prison for Southern Michigan and State Accident Fund for workman's compensation, which was denied by hearing referee. On appeal to board plaintiff did not furnish transcript and asked appeal board to furnish its own transcript. Request denied and time extended for preparation and filing. Plaintiff appeals. Affirmed and remanded.

*Kelman, Loria, Downing & Craig (Jerome W. Kelman,* of counsel), for plaintiff.

Carr, C. J. Plaintiff herein, claiming that he had sustained a personal injury on June 23, 1960, arising out of and in the course of his employment by defendant Michigan State Prison for Southern Michigan, hereinafter called defendant, applied for compensation under the provisions of the workmen's compensation act[1] of the State. Defendant filed answer denying that at the time of the alleged injury plaintiff was in its employ. Hearing was had before a referee who concluded from the proofs before him that plaintiff was not subject to the provisions of the statute that he sought to invoke, for the reason urged by defendant. An award was entered accordingly on May 23, 1961, denying compensation. Thereafter, on behalf of plaintiff, application for review of claim by the workmen's compensation appeal board was filed, it being asserted therein that the finding of the hearing referee was contrary to the facts and the law.

Rule No 19, adopted by the appeal board and in

[1] PA 1912 (1st Ex Sess), No 10, as amended (CL 1948, § 411.1 *et seq.,* as amended [Stat Ann 1960 Rev and Stat Ann 1961 Cum Supp § 17.141 *et seq.*]).

effect, in substance, for some years, provides in part as follows:

"Whenever a claim for review from an award of the hearing referee is filed, the party making such claim for review shall, at his expense, file with the appeal board a complete transcript of all the testimony taken and the proceedings had before the hearing referee within 30 days from the date the claim for review is filed. In all cases where the employer files a claim for review, a copy of the testimony, depositions and other documents necessary for such appeal shall be furnished by the employer to the employee or his attorney."[2]

Pursuant to the language quoted, plaintiff was notified to file a transcript of the proceedings within the time limited by the rule, the cost thereof to be paid by the appealing party. Thereupon counsel for plaintiff notified the appeal board in effect that the validity of Rule No 19, as applied in the case, was challenged on the ground that it was inconsistent with certain provisions of the workmen's compensation act. The issue so raised was argued orally before the appeal board.

An opinion was filed by the board setting forth the background and history of the rule and discussing the question raised by plaintiff's claim that it contravened specific provisions of the statute. Plaintiff's contention that the cost of furnishing the transcript should be paid by the State of Michigan was rejected. Emphasis was placed on the length of time that Rule No 19, or the practical equivalent thereof, had been in effect, and the conclusion was reached that the claim of its invalidity was not well-founded. An extension of time for the filing of the transcript was granted. On leave granted by this Court, plaintiff has appealed the order of the

[2] 1959 AACS, § R 408.49, p 1229.

workmen's compensation appeal board sustaining the validity of Rule No 19 and holding that plaintiff must file a transcript of the testimony taken before the hearing referee within the 30-day period allowed by the order, subject to the provision that the claim for review would be otherwise dismissed.

The provision of the statute under which Rule No 19 was adopted is found in part 3, § 3, thereof (CL 1948, § 413.3 [Stat Ann 1960 Rev § 17.176]), which provision reads as follows:

"The board may make rules not inconsistent with this act for carrying out the provisions of the act."

It is the position of the appeal board in the instant case, as indicated by the unanimous opinion of its members, that the statute contains proper authorization for the adoption of the rule. On behalf of appellant it is insisted that the requirement that a party to the statutory proceeding claiming the right of review by the appeal board from a decision of the hearing referee must file a transcript of the proceedings had before the referee is not consistent with the statute, reliance being placed specifically on sections 10 and 11 of part 3 thereof (CL 1948, §§ 413.10, 413.11 [Stat Ann 1960 Rev §§ 17.184, 17.185]). Said sections read as follows:

"Sec. 10. The cost of such hearing, including the cost of taking stenographic notes of the testimony presented at such hearing, not exceeding, however, the taxable costs allowed in suits at law in the circuit courts of this State, shall be fixed by the compensation commission and paid by the State as the other expenses of the State are paid. The fees and payment thereof of all attorneys and physicians for services under this act shall be subject to the approval of the compensation commission. In the event of disagreement between the parties as to the fees for services of attorneys and physicians,

either party may apply to the compensation commission for a hearing in accordance with the terms of section 14, part 3, of the act, or the compensation commission may, by rule and regulation or by a special order in any particular case, prescribe maximum attorney fees and the manner in which the amount may be determined or paid by the employee.

"Sec. 11. If a claim for review is filed, as provided in part 3, section 8, the compensation commission shall promptly review the decision, together with such records as may have been kept of its hearing, and shall also, if desired, hear the parties, together with such additional evidence as the compensation commission in its discretion may allow them to submit, and file its decision therein with the records of such proceedings. Such review and hearing may be held in its offices at Lansing, or elsewhere, as the compensation commission shall deem advisable and in all cases where the employer files a claim for review or appeal to the Supreme Court, a copy of the testimony, depositions and other documents necessary for such appeal shall be furnished by the employer to the employee or his attorney."

Apparently it is counsel's position that because section 10, above quoted, provides for the cost of taking the stenographic notes on the hearing before the referee at the expense of the State, a transcript of such notes required for the purposes of a review before the appeal board when such is claimed by either party is to be paid for in like manner. Had such been the intention of the legislature, we think that it would have been clearly expressed in the statute. The provision with reference to the taking of stenographic notes is obviously analogous to the payment of the salary of court stenographers in judicial trials. In other words the State or municipality, as the case may be, bears the financial burden entailed by a stenographic record, but a party to the litigation requiring a transcript for purposes of

appeal must pay therefor. Counsel's argument based on the language of section 10 is untenable.

It is further argued that under quoted section 11 the appeal board is required to review the decision of the hearing referee, but with no specific requirement that a transcript of the stenographic notes of the testimony taken before the referee shall be furnished to it by the party seeking the review. However, the reference to the records kept of the hearing was evidently intended to comprise the complete record, including, of course, the testimony introduced by the parties. It is conceded that a proper review of the questions at issue could not be had without a transcript of the stenographic notes taken, but the argument is, in substance, that the appeal board must procure such transcript at the expense of the State.

If such situation obtains where the right of review is sought by a plaintiff, the same conclusion would necessarily follow if the defendant-employer asserted the right to a review. We cannot agree with counsel's interpretation of the statute. Had the legislature intended any such construction as is now urged on behalf of appellant, we have no doubt that specific provision would have been made accordingly. The obvious fact remains that the legislature has not provided for the payment by the State of the expense of furnishing a transcript for the purposes of review by the appeal board of a decision of the hearing referee. The final clause of section 11, to which counsel for appellant has called attention, requires that where the employer seeks to appeal to this Court he must furnish to the employee or his attorney a copy of the testimony taken on the hearing and of exhibits necessary for the purposes of the appeal. Such provision, it may be noted, has no application to a review by the appeal board of a referee's finding. It is equally obvious that provi-

sions of the employment security act[3] of the State, to which counsel has referred in his brief but which are not found in the workmen's compensation act, cannot enter into the interpretation of the statutory provisions here involved.

As before noted, Rule No 19 in substantially its present form has been in effect for a number of years. In *Guss* v. *Ford Motor Co.*, 275 Mich 30, plaintiff was denied compensation following a hearing before a deputy commissioner and sought right of review of such denial. Defendant moved to dismiss the appeal because the plaintiff had not filed a transcript of the testimony taken on the hearing as required by the department's rule. The transcript not having been filed, the appeal was dismissed some months later. Subsequently on application the order of dismissal was vacated by the commission and plaintiff was granted 60 days within which to file the transcript. The question was then raised by defendant, on appeal to this Court, that the department was without power to vacate the order dismissing the appeal. This Court so held, and set aside the order of the department by which it was sought to vacate the dismissal. It does not appear that the validity of the rule requiring the furnishing of a transcript of the testimony by the party seeking review was challenged in the case, and its validity was assumed, the Court saying, in part (p 34):

"Under the rule mentioned the department makes review, in case of default in filing the testimony, and final disposition. This was done in the instance at bar and precluded the department from vacating its action and granting a rehearing. The department may make rules consistent with the statute, CL

[3] PA 1936 (Ex Sess), No 1, as amended (CL 1948, § 421.1 *et seq.*, as amended [Stat Ann 1960 Rev § 17.501 *et seq.*]), specifically CLS 1956, § 431.36, as amended by PA 1957, No 311 (Stat Ann 1960 Rev § 17.538).—REPORTER.

1929, § 8442.[4]  Such rules, when made, bind the department.

"The department followed the rule in affirming the award appealed from and dismissing the appeal. That action was final and could not be vacated by the department and the appeal reinstated and time granted to file the testimony.  The department has no power to grant a rehearing of its determinations."

See, also, *Drake* v. *Fuller Manfg. Co.*, 297 Mich 168, 172, in which the above decision was cited.

In *Wing* v. *Refiners Transportation & Terminal Corp.*, 316 Mich 365, the authority to extend the time for filing a transcript of testimony taken on a hearing before a deputy of the department was recognized.  With reference to the rule requiring the furnishing of a transcript of the testimony, it was said, in part:

"The statute does not require that an *employee* who files a claim for review must furnish or file a copy of the testimony and proceedings had before the deputy.  Part 3, § 11, of the act (CL 1929, § 8450, as amended by PA 1943, No 245 [CLS 1945, § 8450,[5] Stat Ann 1946 Cum Supp § 17.185]).  The act does provide that the department may make rules not inconsistent with the act for the carrying out of its provisions (Part 3, § 3 [CL 1929, § 8442[4] (Stat Ann § 17.176)]).  Under that authority the commission had the power to make a rule requiring *any* party who files a claim for review to file such a transcript. *Guss* v. *Ford Motor Co.*, 275 Mich 30.  A rule to that effect has been made by the department as follows (Mich Administrative Code [1944], Rule 10, p 350):

" 'Whenever a claim for review from an award of the deputy commissioner is filed, the party making such claim for review shall, at his expense, file a complete transcript of all the testimony taken and

---

4 CL 1948, § 413.3, *supra.*—REPORTER.
5 CL 1948, § 413.11, *supra.*—REPORTER.

the proceedings had before the deputy commissioner within 30 days from the date the claim for review is filed.' "

It thus appears that this Court, although the validity of the rule in question was not challenged in the case, took occasion to speak on the question of the authority of the department to adopt such a rule. We think the language quoted fairly indicates the generally accepted view with reference to the question raised here on behalf of appellant. It is somewhat significant that heretofore the rule, although in effect in substantially its present form for many years, has not been directly challenged. On the contrary, its validity has been generally recognized, and properly so. Our examination of the questions raised by counsel for appellant in the case at bar leads us to the conclusion that the arguments advanced are not well-founded. The appeal board reached the correct conclusion, and the order now before us is affirmed. The case is remanded for such further proceedings as may be required. Appellee not having filed a brief, no costs are allowed.

DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, OTIS M. SMITH, and O'HARA, JJ., concurred.