ERVIN, Justice.
We have for review by petition for writ ■of certiorari an order of the Florida Industrial Commission dated March 28, 1968.
On May 10, 1967 the Judge of Industrial ■Claims entered an order awarding respondent Florence L. Haley (employee-claimant) certain compensation benefits. The Petitioners (Honeywell, Inc., the employer, and Twin City Fire Insurance Company, the carrier) timely filed an application for review of this order and the claimant filed a cross-application for review. Subsequently, the employer/carrier withdrew its application for review and the claimant filed a petition to be relieved of the cost of the preparation of a transcript pursuant to Florida Industrial Commission Rule 6(c). An order was entered relieving claimant of payment of the cost of the transcript except for $20 thereof, on the basis of her financial inability.
On application by Petitioners for review of the order relieving claimant of the cost of the transcript, the Commission affirmed on the basis the Judge of Industrial Claims did not abuse his discretion in finding claimant to be partially unable to pay the cost of preparing a transcript. The Commission also rejected the Petitioners’ contention that Rule 6(c) exceeds the authority of the Commission as conferred by the Legislature and found untenable the Petitioners’ contention that the rule operates to deprive Petitioners of due process or equal protection of the law, and ordered payment of attorney’s fees of $300 for services in behalf of claimant on the review by the Commission of the order relieving claimant of the cost of transcript. We review here the order entered by the Commission.
F.S. section 440.25(4) (b), F.S.A. requires an appellant to have prepared, in accordance with such rules as the Commission may prescribe, a transcript of the proceedings before the Deputy. F.S. section 440.29(2), F.S.A., provides that the
“* * * commission shall by regulation provide for the preparation of a record of the hearings and other proceedings before it and shall be permitted to charge for transcripts of testimony * * the same fees as are allowed by law to reporters and clerks of courts of this state for like services.” (Emphasis added.)
In General Accident Group v. Lieber (Fla.1962), 146 So.2d 896, we sustained as within the authority conferred by Section 440.29(2) the power of the Commission to require an appellant to timely deposit the cost of preparing a transcript pursuant to Rule 6(b) as a necessary and reasonable procedural incident to a review by the Commission. We think it reasonably follows from the permissive nature of the authority conferred it in Section 440.29(2) that the Commission is empowered to relieve indigent appellants from the cost of preparing transcripts even though the additional administrative expenses occasioned will eventually be provided by insurance companies writing compensation insurance and self-insurers through pro rata contributions to the fund established and administered pursuant to Sections 440,50 and 440.51, F.S.
Our conclusion as announced above is buttressed by the history of Rule 6(c) considered in relation to relevant legislation. In 1953 the Legislature amended Section 440.25(4) with the result that the responsibility for the physical preparation of the transcript of proceedings and of the filing of the record in workmen’s compensation cases was made the obligation of an appellant instead of the Deputy Commissioner. This change was made by the Legislature with knowledge of the operative workings of Rule 6(b) and (c), as those provisions *747 pertained to the costs arising from preparation of necessary transcripts. By not then or thereafter changing the operative effect of Rule 6, which has been in existence for more than twenty-five years, we deem the Legislature acquiesces in Rule 6(c). While such acquiescence alone cannot vest the Commission with rule-making power where no pretense of such power is conferred initially, we think it permissible to interpret such acquiescence in this case as recognition by the Legislature of the scope of the rule-making power vested by it in the Commission.
The Legislature in Sections 440.-29(2) and 440.25(4) (b), gave the Commission rule-making power respecting the making up of transcripts and thereunder the Commission by the exception made to Rule 6(b) by Rule 6(c) prescribed a reasonable classification of those appellants unable to pay in whole or in part the costs of preparing transcripts of record. Permission in these statutes to make charges for transcripts, with power to make reasonable rules thereunder to implement such permission, would appear to repose in the Commission latitude and discretion not to require a charge from persons who demonstrate their inability to pay. In any case, the relationship of Rule 6(c) to the legislative authority evidenced by Section 440.-29(2), coupled with the acquiescent attitude of the Legislature toward this rule since its implementation, leads us to conclude the promulgation of Rule 6(c) by the Florida Industrial Commission constituted a proper and constitutional exercise of power conferred by the Legislature. Furthermore, such a view harmonizes with a liberal interpretation of the basic philosophy of the Workmen’s Compensation Law in this state, which we believe warrants a rejection of the notion that an indigent claimant may be precluded by his indigency from obtaining appellate consideration of his appeal.
Petitioners next contend that the Judge of Industrial Claims erred in adjudging claimant to be financially unable to pay a part of the cost of the preparing of the transcript. The Commission has interpreted Rule 6(c) to mean that in the absence of a gross abuse of discretion on the part of the Judge of Industrial Claims in granting or denying a petition for relief of costs of preparation of the transcript of proceedings, the Judge should be affirmed. See Phillips v. Roy S. Greelish & Co. (1958), 3 F.C.R. 192. Accordingly, we should accord much persuasive weight to the Commission’s interpretation of Rule 6(c) as vesting broad discretion in the Judge of Industrial Claims. Viewed in this light, we do not believe an abuse of discretion is demonstrated in the finding that claimant was financially unable to pay part of the transcript costs. In the present case, while it appears that claimant owned several low liquidity assets, viz., home, car and furniture, it also appears she had not worked in seven months and that she had exhausted the monies received from social security, welfare and the compensation award to meet outstanding bills and necessary living expenses. In the light of this evidence, no error is shown as to the determination that claimant be relieved of all but $20 of the cost of preparing a transcript.
In its brief in this cause, the Florida Industrial Commission admits error so far as the award of attorney’s fees for services rendered claimant on review by the Commission of the order relieving claimant of part of the cost of preparing a transcript. We agree. In interlocutory proceedings of this kind which are ancillary to the right of a claimant to an award of compensation benefits, we believe an award for attorney’s fees should be held in abeyance pending disposition of the merits of the claim. This is so because F.S. Section 440.34, F.S.A. only authorizes an attorney’s fee contingent upon an award of compensation benefits. If Respondent Haley is successful in her cross-application for review, it will then be in order for the Commission to determine the attorney’s fee *748 to be allowed her for the services of her attorneys, taking into consideration the totality of the services rendered, including those in this phase of the case. Accordingly, that part of the order appealed from awarding attorney’s fees is quashed, subject, however, to reconsideration depending upon the outcome of the cross-application for review. Otherwise, the order of the Commission is affirmed.
It is so ordered.
CALDWELL, C. J., and DREW, THORNAL and HOPPING, JJ., concur.