SHARP v ALLIED SUPERMARKETS, INC.

1. WORKMEN'S COMPENSATION—WORKMEN'S COMPENSATION APPEAL
BOARD—TRANSCRIPTS— INDIGENTS—DUE PROCESS.

A workmen's compensation regulation which requires a claimant
to secure a transcript of the proceedings below before perfect-
ing an appeal to the Workmen's Compensation Appeal Board
does not deny an indigent claimant due process because due
process does not require an appellate system, and because the
right to a hearing at the referee level is a sufficient alternative
supplying a meaningful opportunity to be heard (1959 AACS, R
408.49).

2. WORKMEN'S COMPENSATION—WORKMEN'S COMPENSATION APPEAL
BOARD—TRANSCRIPTS— INDIGENTS—EQUAL PROTECTION.

A workmen's compensation regulation which requires a claimant
to secure a transcript of the proceedings below before perfect-
ing an appeal to the Workmen's Compensation Appeal Board
does not deny an indigent claimant equal protection of the law
because no suspect classification is present, and because the
standard of national justification is satisfied by the legitimate
state objectives in avoiding both significant public expenses for
transcript provision and the possibility of numerous frivolous
appeals encouraged by free provision of a transcript (1959
AACS, R 408.49).

3. WORKMEN'S COMPENSATION—WORKMEN'S COMPENSATION APPEAL
BOARD—RULES—TRANSCRIPTS— STATUTES.

Statutes which provide that the Workmen's Compensation Ap-
peal Board may make rules on appellate procedure and that
the director of the board may make rules not inconsistent with
the Workmen's Compensation Act for carrying out the provi-
sions of the act grant ample authority for a workmen's compen-
sation regulation which requires a claimant to secure a tran-
script of the proceedings below before perfecting an appeal to
the appeal board (MCLA 418.205, 418.261[1]; 1959 AACS R
408.49).

REFERENCE FOR POINTS IN HEADNOTES
[1–4] 58 Am Jur, Workmen's Compensation §§ 14, 15, 526.

4. WORKMEN'S COMPENSATION—WORKMEN'S COMPENSATION APPEAL
    BOARD—TRANSCRIPTS—INDIGENTS.

    State provision of a transcript of workmen's compensation pro-
    ceedings to indigent claimants seeking to appeal to the Work-
    men's Compensation Appeal Board is a legislative rather than
    a judicial task.

Appeal from Workmen's Compensation Appeal
Board. Submitted Division 1 December 10, 1973, at
Detroit. (Docket No. 15117.) Decided March 4,
1974. Leave to appeal granted, Court of Appeals
reversed, and remanded to Workmen's Compensa-
tion Appeal Board with instructions, 392 Mich —.

Claim by Reace Sharp workmen's compensation
against Allied Supermarkets, Inc., and Allstate
Insurance Company for workmen's compensation.
Plaintiff's claim of appeal to the Workmen's Com-
pensation Appeal Board was dismissed. Plaintiff
appeals by leave granted. Affirmed.

*Glotta, Adelman & Dinges,* for plaintiff.

*Gemuend, Barbier & Goulet,* for defendants.

Before: LESINSKI, C. J., and BASHARA and VAN
VALKENBURG,* JJ.

LESINSKI, C. J. This appeal arises from a claim
which plaintiff filed with the Bureau of Workmen's
Compensation, alleging that he was totally dis-
abled from an injury sustained while driving a Hi-
Lo truck in the course of employment with the
defendant Allied Supermarkets. The referee below
found that plaintiff was entitled to compensation
of $98 per week for a 16-month period. The referee
also found that plaintiff was not entitled to any
further compensation. Plaintiff then retained coun-

_____

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

sel who filed a claim of appeal with the Work-men's Compensation Appeal Board (WCAB).

A letter from the chairman of the appeal board, advising plaintiff that more than 30 days had elapsed since the claim for review had been filed, was subsequently received by plaintiff's attorney. His counsel was also informed that the appeal would be dismissed unless a copy of the hearing transcript was filed within ten days, pursuant to rules promulgated by the WCAB. The ten-day period elapsed, and the WCAB dismissed the appeal.

Plaintiff's initial counsel thereafter advised the Bureau of Workmen's Compensation that the firm was withdrawing from the case. In a letter dated the same day, plaintiff informed the WCAB that he was no longer represented by his initial counsel, and requested an extension of time to file the transcript.

The firm of Glotta, Adelman & Dinges, plaintiff's counsel on this appeal, was then retained. A petition for delayed appeal was filed with the WCAB, specifically alleging plaintiff's inability to pay the cost of appeal. The petition was denied.

Subsequently, plaintiff petitioned for a rehearing of the application for delayed appeal. He again stated that his indigency was the sole cause of his failure to provide the WCAB with a transcript, and argued that he had been denied due process and equal protection of law when the WCAB dismissed his appeal because of this failure to provide a transcript. Shortly after this petition was denied, plaintiff filed application for leave to appeal with this Court, which was granted.

The basic issue presented on appeal is whether Rule 19 of the workmen's compensation regula-

tions,[1] by requiring a claimant to secure a transcript of the proceedings below before perfecting an appeal to the WCAB, denies an indigent claimant due process or equal protection of the law.

The same constitutional arguments were raised and rejected in a similar situation presented to the United States Supreme Court in the recent case of *Ortwein v Schwab,* 410 US 656; 93 S Ct 1172; 35 L Ed 2d 572 (1973). In that case, the appellant indigents argued that the $25 Oregon appellate filing fee, by financially preventing them from obtaining review of an adverse decision of an administrative welfare board, violated due process and equal protection of the law.

As to the due process claim, the Court chose to rely on *United States v Kras,* 409 US 434; 93 S Ct 631; 34 L Ed 2d 626 (1973), rather than *Boddie v Connecticut,* 401 US 371; 91 S Ct 708; 28 L Ed 2d 113 (1971), for two reasons. First, as with the interest in bankruptcy discharge in *Kras, supra,* the interest in increased welfare payments did not rise to the same constitutional level as the state marriage interest in *Boddie.* Second, as in *Kras,* the Court found the existence of alternatives providing an opportunity to be heard. In *Ortwein,* the alternatives consisted of the opportunity for hearings below the appeal stage. The Court, significantly for this appeal, concluded its dismissal of the due process argument by observing that:

"These appellants have had hearings. The hearings provide a procedure, not conditioned on payment of any fee, through which appellants have been able to seek redress. This Court has long recognized that, even in criminal cases, due process does not require a State to provide an appellate system. *McKane v Durston,* 153

---

[1] 1959 AACS 1229, R 408.49.

US 684, 687 [14 S Ct 913; 38 L Ed 867 (1894)]; see *Griffin v Illinois,* 351 US 12, 18 [76 S Ct 585; 100 L Ed 891; 55 ALR2d 1055 (1956)]; *District of Columbia v Clawans,* 300 US 617, 627 [57 S Ct 660; 81 L Ed 843 (1937)]; *Lindsey v Normet,* 405 US 56, 77 [92 S Ct 862; 31 L Ed 2d 36 (1972)]." 410 US at 659–660; 93 S Ct at 1174; 35 L Ed 2d at 576.

The Court in *Ortwein* also rejected the equal protection challenge by relying on *Kras.* The Court found that welfare appeal litigation, as that of bankruptcy discharge, "is in the area of economics and social welfare", and determined that no suspect classification was present. 410 US at 660; 93 S Ct at 1175; 35 L Ed 2d at 576. Applying the standard of rational justification, the Court found that the revenue producing purpose of the filing fee met this standard.

We believe that the same rationales squarely apply to the instant case. The due process challenge is met by the fact that *appellate* review of a workmen's compensation referee hearing does not rise to the same constitutional significance as the initial divorce proceedings involving the fundamental state interest in marriage in *Boddie v Connecticut, supra.* Furthermore, the right to a hearing at the referee level is a sufficient alternative supplying a meaningful opportunity to be heard. As in *Ortwein,* the appellant has had a hearing unconditioned on any payment, through which he has been able to seek redress. Due process does not require an appellate system.

The equal protection challenge should also be rejected in light of *Ortwein.* Similarly, no suspect classification exists here, and the resulting standard of rational justification is satisfied by the legitimate state objectives in avoiding both significant public expenses for transcript provision and

the possibility of numerous frivolous appeals encouraged by free provision of a transcript.

The plaintiff's final argument is that since the statute providing for appeals to the WCAB, MCLA 418.859; MSA 17.237(859), does not require an indigent to file a transcript, but does specifically require an employer or carrier to purchase one, the Legislature intended the requirement to apply only to employers or carriers, and thus Rule 19 is inconsistent with the statute. According to MCLA 418.261(1); MSA 17.237(261)(1), "[t]he board may make rules on appellate procedure". Furthermore, MCLA 418.205; MSA 17.237(205), provides that the director of the WCAB "may make rules not inconsistent with this act for carrying out the provisions of the act". These provisions grant ample statutory authority for Rule 19. The decision in *Ryan v State Prison for Southern Michigan,* 369 Mich 399; 120 NW2d 193 (1963), upheld Rule 19 against an argument that it was inconsistent with a different provision of the workmen's compensation statute. Two other cases were cited in *Ryan* which, although not involving a direct challenge to Rule 19, contain language which sanctions the authority of the board to make such a rule. See *Ryan, supra,* 369 Mich at 406; 120 NW2d at 196; *Guss v Ford Motor Co,* 275 Mich 30; 265 NW 515 (1936); *Wing v Refiners Transportation & Terminal Corp,* 316 Mich 365; 25 NW2d 561 (1947). The plaintiff's argument on this point is without merit.

One final consideration should be noted. Plaintiff urges that the requirement of an indigent to provide his own transcript on appeal is inconsistent with the underlying social purposes of workmen's compensation legislation.[2] We agree in principle,

---

[2] For a judicial statement which would support this contention, *see Honeywell, Inc v Haley,* 216 So2d 745, 747 (1968), wherein the Florida Supreme Court, in upholding the authority of the Florida Industrial

but feel strongly that state provision of a transcript in this context is a legislative rather than a judicial task.[3]

Affirmed.

All concurred.

---

Commission to make rules providing free transcripts to indigents, said: "a liberal interpretation of the basic philosophy of the Workmen's Compensation Law in this state * * * warrants a rejection of the notion that an indigent claimant may be precluded by his indigency from obtaining appellate consideration of his appeal".

[3] For representative legislation in other state workmen's compensation statutes which provide an indigent a free transcript for review, *see* Colorado Statutes Annotated, 81-14-6(3); Florida Statutes Annotated, 440.29(2), in conjunction with Rule 6(c) of the Florida Industrial Commission; Illinois Revised Statutes, 1949, ch 48, § 156a; Minnesota Statutes Annotated, § 176.421(4); Nebraska Revised Statutes 1943, § 48-182.