**Carol Jo Funk REID, Appellant,**

v.

**Robert C. LANDESS, Iowa Industrial Commissioner, Appellee.**

**No. 2–58129.**

Supreme Court of Iowa.

April 20, 1977.

John A. Jarvis, Chariton, for appellant.

Richard C. Turner, Atty. Gen., Thomas D. McGrane, Asst. Atty. Gen., for appellee.

Heard by MOORE, C. J., and MASON, UHLENHOPP, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

The principal question here is whether the industrial commissioner has a duty to furnish an indigent at public expense a transcript of proceedings for use in appealing an arbitration decision. The trial court held he does not. We affirm.

Plaintiff Carol Jo Reid suffered a broken leg in 1971 and alleges she is entitled to workmen's compensation for the injury. She made a workmen's compensation claim which her former employer denied. She filed a petition for arbitration. A board of arbitration was appointed pursuant to § 86.-15, The Code, 1971. The board heard plaintiff's petition and the proceeding was reported pursuant to §§ 86.17 and 96.19, The Code, 1971. The board entered its order in November 1973 denying plaintiff's claim. She filed a timely petition for review of the board's decision by the industrial commissioner.

Subsequently, on September 11, 1974, the industrial commissioner wrote plaintiff's attorney as follows:

We are still awaiting transcript in the above captioned matter before same can be set for review hearing. Kindly file the required transcript with our office as soon as possible.

Plaintiff then brought the present action in district court alleging indigency and asking that a writ of mandamus issue requiring defendant industrial commissioner to furnish the transcript of the arbitration proceeding at public expense and to proceed with the review hearing. She also asked that the commissioner be enjoined from his refusal to so act. The parties agreed that she is indigent and that the transcript would cost at least $500. The trial court entered a decree denying the relief requested in the petition. This appeal followed.

■ I. *The commissioner's refusal to conduct the review hearing.* In his answer in the trial court the industrial commissioner admitted he has a duty to set a petition for review for hearing "and at such hearing to hear all parties and consider all evidence if it has been transcribed * * *." Section 86.24, The Code, 1971, which governs here, provided:

Any party aggrieved by the decision or findings of a deputy industrial commissioner or board of arbitration may, within

ten days after such decision is filed with the industrial commissioner, file in the office of the commissioner a petition for review, and the commissioner shall thereupon fix a time for the hearing on such petition and notify the parties.

At such hearing, the commissioner shall hear the parties, consider all evidence taken before the deputy industrial commissioner or board of arbitration if it has been transcribed, and may hear any additional evidence, and he may affirm, modify, or reverse the decision of the board, or may remand it to the board for further findings of fact.

Additional evidence to that presented and admitted in arbitration proceedings shall not be introduced by either party unless such party gives the opposite party, or his attorney, five days notice thereof in writing, stating the particular phase of the controverted claim to which such additional evidence will apply.

As he did in his answer in the trial court, the commissioner acknowledges in his brief here he had a duty to conduct a review hearing even if plaintiff did not file a transcript of the arbitration proceeding. If the commissioner's earlier communication was susceptible to a contrary interpretation, he dispelled it by his admission in the trial court. Because the commissioner acknowledges his statutory duty to hold a review hearing even without a transcript, the trial court did not err in refusing to order him to perform this duty by mandamus or injunction. It should not be necessary to order the commissioner to do what he now admits he has a duty to do.

Similarly, if plaintiff were unable by reason of indigency to provide a transcript of the arbitration proceeding, the trial court had no reason to find the commissioner would refuse to hear other evidence in the review proceeding as provided in the statute.

II. *The commissioner's refusal to furnish a free transcript.* Plaintiff contends the commissioner's refusal to provide her with a free transcript of the arbitration proceeding violated his statutory duty and her federal constitutional rights to due process and equal protection.

She does not cite any statutory provision which directs the furnishing of a free transcript to an indigent and we find none. She suggests we should read such duty into the statutory scheme governing review proceedings in workmen's compensation matters. We find no basis for doing so.

■ Section 86.24 of the statute now includes a provision that, "The transcript of the arbitration proceedings shall be provided by the party requesting review at his cost * * *." Acts 66 G.A. ch. 1084 § 32. We perceive no contrary legislative intent in the 1971 statute applicable here. The subsequent amendment clarified but did not change the law in this particular. See *Barnett v. Durant Community School District*, 249 N.W.2d 626, 629–630 (Iowa 1977). We agree with the trial court that the commissioner did not breach his statutory duty in refusing to furnish plaintiff a free transcript of the arbitration proceeding.

■ The constitutional argument is answered by two decisions of the United States Supreme Court. They are *United States v. Kras*, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973), and *Ortwein v. Schwab*, 410 U.S. 656, 93 S.Ct. 1172, 35 L.Ed.2d 572 (1973). Under these holdings neither due process nor equal protection rights (when a suspect classification is not involved) are infringed by economic or social welfare legislation which effectively denies indigents appellate rights available to persons of means. The court held due process does not require creation of an appellate system and no equal protection violation exists under traditional equal protection analysis when an appropriate fiscal objective is served by economic or social welfare legislation. In the present situation, plaintiff's appellate rights are not foreclosed, a suspect classification is not involved, and the avoidance of public expense which would be incurred in furnishing free transcripts to indigents is a rational legislative purpose. The trial court did not err in rejecting plaintiff's constitutional argument. See *Sharp v. Allied Supermarkets, Inc.*, 51 Mich.App. 605, 215

N.W.2d 769 (1974), *rev'd on other grounds,* 392 Mich. 767, 219 N.W.2d 432 (1974).

Whether indigents should be provided free transcripts for use in workmen's compensation appeals is a matter of legislative prerogative. Some legislatures have authorized the furnishing of transcripts. See *Honeywell, Inc. v. Haley,* 216 So.2d 745 (Fla.1968); *Sharp v. Allied Supermarkets, Inc.,* supra, 51 Mich.App. at 611, 215 N.W.2d at 772, n. 3 (1974). The desirability of such legislation is for the legislature to decide.

We agree with the trial court that plaintiff failed to establish grounds for mandamus or injunction in the present case.

Plaintiff has filed an application for allowance of "costs, attorney fees and related and necessary expenses" incurred by her in pursuing this appeal. She requested waiver of the docketing fee which we granted. However, we have no basis in this case for ordering costs, attorney fees and other appeal expenses to be paid from public funds. Plaintiff's application for payment of these items is denied.

AFFIRMED.