In re APPLICATION OF JOE BROWN & SONS.

1. PUBLIC SERVICE—POWERS OF PUBLIC UTILITIES COMMISSION—
STATUTES.
The powers of the public utilities commission are derived solely
from the statutes and the authority for its acts must be found
therein.

2. OFFICERS—QUASI-JUDICIAL BODIES—AMENDMENT OF ORDERS.
*Quasi*-judicial bodies, like courts, may, of their own motion or
by request, correct or amend any order still under their con-
trol without notice or hearing to the interested parties pro-
vided such parties cannot suffer by reason of the correction or
amendment, or if the matters corrected or amended were em-
braced in testimony taken at a previous hearing.

3. PUBLIC SERVICE—OFFICERS—REHEARINGS—STATUTES.
Power of public utilities commission to grant rehearings is
limited by statute requiring that petition be filed within time
allowed by law (Act No. 254, art. 5, § 18, Pub. Acts 1933).

4. SAME—PUBLIC UTILITIES COMMISSION—AMENDMENT OF ORDERS—
REHEARINGS.
Subsequent order of public utilities commission amending its
original order, being merely a correction of a clerical error did
not extend time during which a petition for rehearing could be
filed (Act No. 254, art. 5, § 18, Pub. Acts 1933).

5. SAME—PUBLIC UTILITIES COMMISSION—AMENDMENT OF ORDERS—
CHANGE OF SUBSTANCE—STATUTES.
Action of public utilities commission, after issuing order grant-
ing petitioner an extension of service permit as limited com-
mon carrier, which is not shown by record to have been taken
in compliance with the statute with reference to alteration of
commission's orders and which changed the substance of origi-
nal order is set aside and original order, which had previously
been amended, is restored (Act No. 254, art. 5, § 18, Pub. Acts
1933).

6. APPEAL AND ERROR—QUESTIONS REVIEWABLE—PUBLIC UTILITIES
COMMISSION—MOTOR CARRIERS.
On appeal from order of public utilities commission, made after
rehearing, question of commission's authority to classify a
motor carrier as a limited common carrier is not considered
where not formally presented and passed upon in record.

Appeal from Public Utilities Commission. Submitted October 11, 1935. (Docket No. 65, Calendar No. 38,368.) Decided December 10, 1935.

Petition by Joe Brown & Sons for an extension of service. Petition granted and order entered. Order amended. Upon amended order the Western Michigan Transportation Company, Federal Transit Corporation and Interstate Motor Freight System demanded a rehearing. From order entered on rehearing Joe Brown & Sons appeal in the nature of certiorari. Reversed.

*Alexis J. Rogoski,* for petitioner.

*Parmenter & Van Eenenaam,* for Western Michigan Transportation Company and the Vyn Company.

*William G. Fitzpatrick* (*Edmund M. Brady,* of counsel), for Federal Transit Corporation and Eastern Michigan Trucking Company.

*Leo Wing,* for Interstate Motor Freight System.

BUSHNELL, J. Petitioner, then operating as a ''limited common carrier,'' requested ''an extension of service in the transportation of: iron and iron products between Muskegon, Grand Rapids and Detroit and various points intra- and interstate.'' Following a hearing on June 14, 1934, at which time those opposing the petition were represented, the commission, by its order dated June 25th granted an extension of service ''limited to the transportation interstate and intrastate of: iron and iron products between Muskegon, Grand Rapids and Detroit and various points.''

The next day it requested that the permit be returned for correction, stating:

"We find that the permit issued today does not conform with the language of the commission's resolution authorizing it. The permit should read limited common carrier extension of service to transport iron and iron products from Muskegon, Grand Rapids and Detroit to various points intra- and interstate."

Why the commission withheld its corrected order until August 6th is not disclosed by the record; however, upon that date it did not enter the order in the language indicated by its letter of June 26th, but used these words:

"Limited to the transportation intrastate and interstate of: iron and iron products between Muskegon and various points, between Grand Rapids and various points and between Detroit and various points."

Up to this point everyone seemed satisfied despite the somewhat dilatory rearrangement of words. Several of petitioner's competitors then sought a rehearing by a petition subscribed August 24th and entered in the commission's calendar as having been received August 26th. Appellant claims it was not advised as to the rehearing until October 17th and in the meantime had invested $19,524.18 in additional equipment and leased a building in Muskegon at an annual rental of $1,000.

The commission considered the petition for rehearing on November 27th and took the matter under advisement. The rehearing was conducted by the commission on December 18th followed by an order dated January 16, 1935, which limits petitioner's operations to "transportation inter- and intrastate of: automobile castings and automobile cylinder

blocks of Campbell-Wyant-Cannon Foundry Company, coil springs, and sheet steel, scrap iron and scrap metals, and used machinery between Muskegon and various points, between Grand Rapids and various points and between Detroit and various points.''

Appellant obtained leave to appeal from this order and claims that the petition for rehearing should have been denied because it presented no new questions of law or fact and was not seasonably filed; that if the rehearing be in effect an amendment, alteration or modification of the original order that good, just and sufficient cause was not shown, and further that the order of January 16th fostered a monopoly, disregarded public safety, infringed upon applicant's constitutional rights and destroyed its character as a limited common carrier by converting its business into that of a contract or private carrier.

Appellees say that instead of correcting a clerical error, the order dated August 6th expressed a new decision upon which a petition for rehearing was timely filed and therefore the commission could, upon such rehearing, if persuaded of error make an amendatory or modifying order limiting petitioner as to the class of property transported, its routes, termini and shippers but not in such a manner as to permit transportation of that which could fall within the classification of general freight.

No rehearing was asked or appeal sought from the order of June 25th. If this order contained a clerical error, no one can seriously question the right of the commission to make such corrections as do not change its form and substance. Such was the action of August 6th though not expressed precisely in the language of the commission's letter of June 26th.

The powers of the commission are derived solely from the statutes, *Taylor* v. *Michigan Public Utilities Commission*, 217 Mich. 400 (P. U. R. 1922 D, 198), and the authority for its acts must be found therein. The law is well settled that *quasi*-judicial bodies, like courts, may, of their own motion or by request, correct or amend any order still under their control without notice or hearing to the interested parties provided such parties cannot suffer by reason of the correction or amendment, or if the matters corrected or amended were embraced in testimony taken at a previous hearing. *State, ex rel. Burr,* v. *Railway Co.,* 93 Fla. 104 (111 South. 391), and *Louisville & N. R. Co.* v. *Sloss-Sheffield Steel & Iron Co.,* 269 U. S. 217 (46 Sup. Ct. 73). The power of the commission to grant rehearings is limited by Act No. 254, art. 5, § 18, Pub. Acts 1933, which requires that a petition be filed within the time allowed by law. The amended order of August 6th, being merely a correction of a clerical error in the original order of June 25th, did not extend the time during which a petition for rehearing could be filed.

The subsequent action of the commission resulted in a change of the substance of the former order, which could only be done in strict compliance with that part of art. 5, § 18 of the act which reads:

"The commission may upon application of any person or any motor carrier, or upon its own motion, and upon at least ten days' notice to the parties affected thereby, for good cause and after an opportunity to be heard, revoke, suspend, alter, amend or modify any and all of its findings or orders; but no certificate or permit shall be amended, altered, modified, revoked, suspended or impaired except only after like notice and opportunity to be heard and upon clear proof of good, just and sufficient cause."

The record before us does not contain a copy of such notice nor is there any indication that such statutory action was taken.

The other questions propounded by the briefs and raised in the petition for rehearing cannot be considered because of our holding that the petition itself was not seasonably filed; nor do we pass upon the commission's authority to classify a "motor carrier" as a "limited common carrier," that question not having been formally presented and passed upon in the record before us.

The order of January 16, 1935, is set aside and the matter remanded to the commission with instructions to re-instate its order of August 6, 1934, effective, however, as of June 25, 1934. Costs to appellant.

POTTER, C. J., and NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred.

The late Justice NELSON SHARPE took no part in this decision.