PASELLI v. UTLEY.

1. WORKMEN'S COMPENSATION—PETITION TO STOP OR REDUCE—PAYMENT TO WITHIN 15 DAYS.

A proceeding to stop or reduce workmen's compensation may not be commenced unless compensation, provided in the award, is paid or tendered to within 15 days of the time such proceeding is commenced, hence petition to review payments without any tender or payment in accordance with the statute cannot initiate a proceeding to stop or reduce compensation (2 Comp. Laws 1929, § 8453).

2. SAME—STATUTE PROVIDES EXCLUSIVE REMEDIES—FRAUD.
   The workmen's compensation act specifically provides for all rights and remedies in proceedings coming within its purview and is exclusive of any other remedies and proceedings not therein set forth, except in equity for fraud.

3. STATUTES—CONSTRUCTION.
   The Supreme Court cannot write into the statutes provisions that the legislature has not seen fit to enact.

4. WORKMEN'S COMPENSATION—PETITION FOR REVIEW OF PAYMENTS.
   There being no provision in the workmen's compensation act for any review of payments except to end, diminish or increase the same, proceedings on behalf of employer to review payments may not be commenced unless compensation has been paid or tendered up to within 15 days of the filing of the petition (2 Comp. Laws 1929, § 8453).

Appeal from Department of Labor and Industry. Submitted October 13, 1938. (Docket No. 31, Calendar No. 40,198.) Decided December 21, 1938.

John Paselli presented his claim for compensation against J. A. Utley, employer, and American Mutual Liability Insurance Company, insurer. Defendants review denial of amended petition for review of payments by appeal in the nature of certiorari. Affirmed.

*Dann & Atlas,* for plaintiff.

*Alexander, McCaslin & Cholette,* for defendants.

McALLISTER, J. On August 16, 1935, plaintiff suffered an injury to his left eye while in the employ of defendant company, and under an approved agreement, compensation was paid to him until October 28, 1935, at which time he returned to work and continued to be employed until a certain job was completed, approximately six weeks later. On No-

vember 6, 1935, defendants filed petition to stop compensation. After hearing, however, the deputy commissioner entered an award giving plaintiff compensation for the specific loss of his eye.

Defendants appealed, and upon review the department reversed the award of the deputy and granted defendants' petition to stop compensation. Plaintiff appealed from the decision of the department to this court, which, in turn, reversed the department's finding and vacated its award. The ground upon which defendants' petition was dismissed was that it did not comply with the provisions of Rule No. 17, rules of practice and procedure, department of labor and industry (1935), in that the affidavit filed on behalf of defendants with regard to plaintiff's recovery was on its face hearsay, and not made on personal knowledge or information and belief. See *Paselli* v. *Utley*, 282 Mich. 267.

After the decision by this court, plaintiff's counsel filed a request for certificate of judgment in accordance with 2 Comp. Laws 1929, § 8452, as amended by Act No. 15, Pub. Acts 1934 (1st Ex. Sess.) (Comp. Laws Supp. 1935, § 8452, Stat. Ann. § 17.187). Defendant insurance company thereupon filed a petition to stop or reduce compensation on the ground that plaintiff had fully recovered and had returned to work as a laborer. This petition was entitled:

"Petition to stop or reduce compensation. Review payments of compensation."

Plaintiff filed answer, setting forth that compensation had not been paid to within 15 days of the filing of petition, as required by law (2 Comp. Laws 1929, § 8453 [Stat. Ann. § 17.188]) and that, further, the said petition did not comply with Rule No. 17, rules of practice and procedure, department of labor

and industry. Thereafter, plaintiff filed a petition to dismiss defendants' petition on the same grounds as alleged in his answer, and, in addition, set forth the claim that the matters involved in plaintiff's petition had been adjudicated in *Paselli* v. *Utley, supra.* Thereupon defendants filed an "amended petition for review of payments," alleging that the plaintiff had recovered his full earning capacity from October 28, 1935; that he had since received greater wages than he was receiving at the time of the accident; and that his earning capacity during the entire time had been fully restored. Defendants further asked, in their amended petition, for a hearing before a commissioner or a deputy commissioner in order that they might present proof:

"(a) To determine the physical condition of the employee from the 28th day of October, 1935, to date.

"(b) To determine the earnings of the employee from the 28th day of October, 1935, to date.

"(c) To determine the payments made by the employer to the employee from the 28th day of October, 1935, to date.

"(d) To determine the earning capacity of the employee from the 28th day of October, 1935, to date.

"(e) And upon making such various determinations, to find the amount due as the facts warrant upon which the said employee would be entitled to a certificate of judgment."

Answer was filed requesting that the previous answer be considered and applied as plaintiff's answer to the amended petition for review. On the hearing, the department dismissed defendants' petition to review payments on the ground that the petition had the same legal effect as a petition to stop compensation and should be denied for the reason that the defendants had not paid compensation to within 15

days of the filing of the petition as required by statute (2 Comp. Laws 1929, § 8453 [Stat. Ann. § 17.188]).

The question to be adjudicated is, therefore, whether defendants can file their petition to review payments without payment of compensation to plaintiff to within 15 days of the filing of the said petition. 2 Comp. Laws 1929, § 8453 (Stat. Ann. § 17.188), provides:

"Any weekly payment under this act may be reviewed by the industrial accident board * or by any member or deputy member thereof, at the request of the employer, or insurance company carrying such risk, or the commissioner of insurance, as the case may be, or the employee, and on such review it may be ended, diminished or increased, subject to the maximum and minimum amounts above provided, if the board * or member or deputy member finds that the facts warrant such action:  *  *  *  No proceedings shall be commenced to stop or reduce compensation unless the compensation provided in the agreement or award is paid or tendered to within fifteen days of the time such proceeding is commenced."

It is apparent that upon such review, as is provided by the statute, compensation can only be "ended, diminished or increased." The amended petition filed by defendants to review payments is not a petition to stop or reduce compensation; and it obviously is not to increase compensation. If defendants' petition were considered a petition to end or diminish compensation or "to stop or reduce compensation," such proceeding could not be commenced unless compensation, provided in the award,

---

* The powers and duties of the industrial accident board have been transferred to the department of labor and industry and the board abolished. See 3 Comp. Laws 1929, § 8312 (Stat. Ann. § 17.3).—RE-PORTER.

is paid or tendered to within 15 days of the time such proceeding is commenced. If it be not such a petition, then there is no provision in the statute authorizing such action. In proceedings coming within the purview of the workmen's compensation act, the statute specifically provides for all rights and remedies thereunder and is exclusive of any other remedies and proceedings not therein set forth, except in equity for fraud. See *Luyk* v. *Hertel,* 242 Mich. 445, 447.

This court cannot write into the statutes provisions that the legislature has not seen fit to enact. *Cooke* v. *Holland Furnace Co.,* 200 Mich. 192 (L. R. A. 1918 E, 552); *Tews* v. *C. F. Hanks Coal Co.,* 267 Mich. 466; *Thomas* v. *Parker Rust Proof Co.,* 284 Mich. 260.

In this case the award of the deputy commissioner is in full force and effect. No provision exists in the statute for any review of payments, except to end, diminish or increase the same. Compensation, not having been paid or tendered up to within 15 days of the filing of defendants' petition to review, no such proceeding could be commenced.

The order of the department of labor and industry denying defendants' amended petition to review payments is affirmed, with costs to plaintiff.

WIEST, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, and NORTH, JJ., concurred. BUTZEL, J., did not sit.