## HOLLOWAY *v*. IDEAL SEATING CO.

1. MASTER AND SERVANT—MINORS—WORK PERMIT.
   Employment of a 14-year-old minor who represented his age as 17 was unlawful where he did not have the statutory work permit or certificate (2 Comp. Laws 1929, § 8325).

2. WORKMEN'S COMPENSATION—MINORS—VIOLATION OF SPECIFIC INSTRUCTIONS—EVIDENCE.
   Finding of department of labor and industry that plaintiff, a 14-year-old minor who had represented himself as 17 when employed, had been injured while violating specific instructions not to operate machinery, which was supported by material evidence, established conclusively that, as a matter of law, his injury did not arise out of and in the course of his employment as a machine operator's helper (2 Comp. Laws 1929, § 8451, as amended by Act No. 245, Pub. Acts 1943).

3. SAME—FINDING OF DEPARTMENT ON QUESTION OF FACT—EVIDENCE.
   The Supreme Court must accept finding of fact made by the department of labor and industry where there is material evidence to support the finding (2 Comp. Laws 1929, § 8451, as amended by Act No. 245, Pub. Acts 1943).

4. SAME—EMPLOYEE'S SELF-EXPOSURE TO RISK OUTSIDE SCOPE OF REGULAR EMPLOYMENT CONTRARY TO INSTRUCTIONS.
   An employer is not liable for workmen's compensation for injury sustained by his employee where latter voluntarily and of his own motion exposes himself to risks outside of the scope of his regular employment, without or against the order of the employer, as an injury then occurring does not arise out of and in the course of the employment.

5. MASTER AND SERVANT—SELECTION OF COMPETENT PERSONS—AVOIDANCE OF LIABILITY FOR ACCIDENT.
   The option is not in the employee to extend the course of his employment upon the sole ground that his act may be for the employer's benefit as an employer has the right to prescribe

the duties of employees and protect himself, especially as to hazardous work, against liability for accident by selecting competent persons to do it.

6. WORKMEN'S COMPENSATION—ILLEGALLY EMPLOYED MINORS—FINDING OF DEPARTMENT—ARISING OUT OF AND IN COURSE OF EMPLOYMENT.

Where department of labor and industry found that illegally employed minor boy was injured while violating specific instructions not to operate machinery but announced that the disability and loss of fingers arose out of and in the course of his employment because of the inquisitive nature of boys under 18 years of age, such conclusion was erroneous since it is essential that injury arise out of and in the course of employment irrespective of whether the employee is a minor, legally or illegally employed, or an adult (2 Comp. Laws 1929, §§ 8413, 8417, as amended by Act No. 245, Pub. Acts 1943).

7. SAME—ILLEGALLY EMPLOYED MINORS—DOUBLE COMPENSATION.

While the workmen's compensation act expressly declares that minor employees be considered the same as adult employees and grants to minors the same power to contract thereunder, the provision for double compensation in case a minor who is illegally employed receives an injury entitling him to workmen's compensation is still compensation for an injury and not a penalty for the illegal employment (2 Comp. Laws 1929, § 8413, as amended by Act No. 245, Pub. Acts 1943).

8. SAME—MINORS—LEGISLATURE—DEPARTMENT OF LABOR AND INDUSTRY—SUPREME COURT.

Whether humanitarian motives should impel an exception to be made in favor of minors and thus grant compensation to minors under 18 years of age without regard to whether the injury arose out of and in the course of the employment is for the legislature and not for the department of labor and industry or for the Supreme Court to decide.

9. SAME—DEPARTMENT OF LABOR AND INDUSTRY—AUTHORITY—STATUTES.

While the department of labor and industry performs quasi-judicial duties it is not possessed of judicial power, and derives its authority from the statute creating it (2 Comp. Laws 1929, § 8310 *et seq.*, as amended by Act No. 241, Pub. Acts 1943).

Appeal from Department of Labor and Industry. Submitted October 9, 1945. (Docket No. 5, Calendar No. 42,891.) Decided January 7, 1946.

Herbert P. Holloway presented his claim for compensation against Ideal Seating Company, employer, and General Accident Assurance Corporation, insurer, for injuries sustained while in its employ. Award to plaintiff. Defendants appeal. Reversed and remanded with direction to enter award denying compensation.

*Floyd H. Skinner,* for plaintiff.

*Alexander, McCaslin, Cholette & Buchanan,* for defendants.

BOYLES, J.  The plaintiff, a minor under the age of 18 years, was allowed double compensation by the department of labor and industry for personal injury and the loss of two fingers. On leave granted, the employer appeals in the nature of certiorari and the only question involved is whether an injury to a minor under 18 years of age, in order to be compensable under the workmen's compensation law, must arise out of and in the course of the employment. The department held that the fact that plaintiff was such a minor, illegally employed, constituted an exception to such general rule.

Plaintiff was employed by the defendant Ideal Seating Company December 9, 1943, without the permit or certificate required by 2 Comp. Laws 1929, § 8325 (Stat. Ann. § 17.20). He was actually 14 years of age although he represented to the employer that his age was 17. The employment was unlawful. Plaintiff was put to work as a helper to the man who operated a "square shear" machine. His work consisted of helping to pick up sheets of metal and place them on the square shears. He was instructed by the foreman not to operate the machine at any time, that he (the foreman) couldn't

put him on any machine because he wasn't 18. The next day plaintiff and another boy, at their own request, were permitted to change work with each other, plaintiff going to work as a helper to the operator of a punch press. His duties were to bring shell cases from welders and place them on a table adjacent to the punch press. He had been told not to operate any machine. During the course of that afternoon's work two fingers on his left hand were injured in the punch press, resulting in later amputation. No one admitted having seen the accident. The punch press operator was in an adjacent room moving some finished shell cases and had called to plaintiff to come and help him to move the shell cases. Plaintiff, in testifying before the deputy, claimed that he slipped on some loose shell cases on the floor and that in an effort to keep from falling his left hand got into the punch press and was injured. There was proof to the contrary, that it was impossible for the injury to have been caused in that manner, and that plaintiff had told one Higley that he was operating the punch press when someone called to him and that while he was turned around he tripped the lever that caused the press to operate, without removing his hand from the shell case which was in the press. Plaintiff's application for compensation stated that the injury happened as follows:

"Plaintiff was working on a punch press, which was shaping shells. Hand slipped in machine in the course of his employment and his left hand and fingers thereof were lacerated, bruised and cut."

The department found the facts as to the manner in which plaintiff was injured to be as follows:

"We have reviewed the record very carefully with special emphasis on the physical set-up of the room

in which plaintiff was working. We are satisfied that it is highly improbable, and in fact almost impossible, that the injury occurred as plaintiff testified. If his right hand had been caught in the machine there would be reason to believe the accident happened as he now claims. If he was going toward the opening, the machine would be on his right and to be injured as he now claims he would not only have had to trip the lever but at the same time turn around and get his left hand in the machine at that exact moment. For the indicated reasons we are definitely of the opinion that Higley's testimony relating to what plaintiff told him very shortly after the accident accurately describes the manner in which plaintiff injured his left hand.

"We find that plaintiff was operating the punch press when he sustained the disabling injury which necessitated subsequent amputations of the first and second fingers of his right (left) hand. We further find that plaintiff had been specifically instructed by his immediate foreman at the time of his employment to leave the machines alone. We find that at the time of the injury plaintiff was violating the specific instructions previously given."

There was material evidence to support such findings of fact and therefore we are compelled to accept the same.* They establish conclusively that as a matter of law plaintiff's injury did not arise out of and in the course of his employment.

"If a workman is injured while voluntarily doing something quite outside the scope of the work he is employed to do, it cannot well be said that such injury 'arises out of and in the course of his employment.' This is illustrated by the old case of the boy who was engaged to hand balls of clay in molds to a molder, and was told not to touch the machinery;

---

* See 2 Comp. Laws 1929, § 8451, as amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8451, Stat. Ann. 1945 Cum. Supp. § 17.186).—REPORTER.

but, having nothing to do for the moment, he did attempt to clean the machinery, and was injured. It was necessarily held that the injury did not 'arise out of and in the course of his employment.' *Lowe* v. *Pearson,* 1 W. C. C. 5 (15 T. L. R. 124). It was also held that the injury did not arise out of and in the course of the employment where a girl left her work to start an engine when the person whose particular duty it was to do so happened for the moment to be absent. *Losh* v. *Evans & Co.,* 5 W. C. C. 17 (19 T. L. R. 142).   *   *   *

"And if a workman, when there is no emergency, should, of his own volition, see fit to intermeddle with something entirely outside the work for which he is employed, he ought not to be allowed compensation upon the mere plea that he thought his act would be for the benefit of his employer. That plea may be of value under some circumstances, but it cannot authorize an employee to voluntarily take upon himself the performance of work for which he was not employed." *Bischoff* v. *American Car & Foundry Co.,* 190 Mich. 229, 233, 234.

In *Ballman* v. *D'Arcy Spring Co.,* 221 Mich. 582, the plaintiff was allowed compensation by the department of labor and industry for accidental death. In reversing the award the court said (pp. 587, 588):

"No duty in the line of his employment required Ballman to leave the plant. He went during working hours at his own suggestion, in the interest of Stevens or himself or both, away from the plant, to a drugstore where he got some bromo-seltzer and a bar of chocolate. In going he violated an order of his employer and was doing nothing to advance its interest.

"The rule upon that subject is thus stated in 26 Cyc. p. 1224:

"'Where a servant voluntarily and of his own motion exposes himself to risks outside of the scope of his regular employment, without or against the

order of the master or vice-principal, and is injured thereby, the master is not liable.' "

In *Grabman* v. *France Stone Co.*, 280 Mich. 292, plaintiff was awarded compensation by the department of labor and industry for the death of her husband while in the defendant's employ. His sole duties were to load a truck and make deliveries. He undertook to grease a conveyor 40 feet above the ground, fell and thus was killed. In reversing the award and denying compensation the court after referring to the rule laid down in *Bischoff* v. *American Car & Foundry Co.*, 190 Mich. 229, at page 234, *supra*, said (p. 295):

"The rule is sound. It may be modified in case of an emergency or in other special circumstances. But, fundamentally, the option is not in the employee to extend the course of his employment upon the sole ground that his act may be for the employer's benefit. An employer has the right to prescribe the duties of an employee. If work is hazardous, he must have the right to protect himself against liability for accident by selecting competent persons to do it. Employees may not impose liability upon the employer by leaving the work they were hired to do and voluntarily, and without his knowledge or acquiescence, doing something else."

See, also, *Larson* v. *Lock Joint Pipe Co.*, 298 Mich. 53.

Notwithstanding the finding of facts which, under the foregoing decisions, conclusively establish that plaintiff's injury did not arise out of and in the course of his employment, the department finally announced a contrary conclusion as follows, and awarded compensation:

"We find that the accident which caused plaintiff's disability from December 10, 1943, to January 17, 1944, and the subsequent loss of the first and second fingers of his left hand arose out of and in

the course of his employment with defendant employer on December 10, 1943.''

The reason for reaching such a conclusion was stated as follows:

''It is no secret that a 14-year-old boy is very curious. Put him near a machine and instinctively he has a desire to see how it works. Merely advising him to stay away from a machine, because of his very nature, only makes him more inquisitive. The younger the boy the more apt he is to have a desire to try a machine. We think the plaintiff acted as a normal boy of his age would act under the circumstances. It therefore seems unjust to apply the same rigid rule as is used to relieve an employer of liability when a more mature individual violates definite instructions. We think that an employer who hires a minor under eighteen years of age, especially one who is only fourteen years, does so at his peril. He should not be relieved of liability under the compensation act on the ground that the boy violated instructions. It is not too much to expect that one who employs such youths must contemplate that boys will be boys, in a true sense, and will give vent to their natural inclinations to try out any machine and, further, that injuries may naturally follow. We think that meddling with machinery is a natural incident in the employment of minors where their work brings them in close proximity with machines and that injuries which do follow from such conduct arise out of the employment.''

In short, the department held that an accidental injury to a minor under 18 years of age is compensable under the workmen's compensation law although the injury did not arise out of and in the course of the employment. Such is not the law in this State.

Appellee claims, and the department of labor and industry apparently concluded, that the decisions hereinbefore referred to do not apply to an injury to

a minor under 18 years of age, because in those cases
the plaintiff was an adult. Yet the workmen's com-
pensation law expressly declares that employees who
are minors shall be considered the same as adults,
except that a minor who is under 18 years of age
whose employment is shown to be illegal shall re-
ceive double compensation. The workmen's com-
pensation law (pt. 1, § 7, as amended*) provides:

"The term 'employee' as used in this act shall be
construed to mean:    *    *    *

*Private employees; double compensation for cer-
tain minors.* 2. Every person in the service of an-
other, under any contract of hire, express or implied,
including aliens, including working members of part-
nerships, receiving wages irrespective of profits
from such and also including minors, who, for the
purpose of this act, shall be considered the same and
have the same power to contract as adult employees:
*Provided,* That any minor under 18 years of age
whose employment at the time of injury shall be
shown to be illegal shall, in the absence of fraudu-
lent use of permits or certificates of age, in which
case only single compensation shall be paid, receive
compensation double that provided elsewhere in this
act."

The above section grants to minors the same
power to contract as adult employees, for the pur-
poses of this act, and subjects them, whether legally
or illegally employed, to its provisions the same as
adults. *Thomas* v. *Morton Salt Co.,* 253 Mich. 613;
s.c. reaffirmed, 258 Mich. 231; *Jesiek* v. *Banfield,* 286
Mich. 440.

The workmen's compensation law (pt. 2, § 1, as
amended†) provides for compensation to an em-

---

* 2 Comp. Laws 1929, § 8413, as amended by Act No. 245, Pub.
Acts 1943 (Comp. Laws Supp. 1945, § 8413, Stat. Ann. 1945 Cum.
Supp. § 17.147).

† 2 Comp. Laws 1929, § 8417, as amended by Act No. 245, Pub.
Acts 1943 (Comp. Laws Supp. 1945, § 8417, Stat. Ann. 1945 Cum.
Supp. § 17.151).

ployee who receives a personal injury arising out of and in the course of his employment. It does not provide that compensation shall be paid to a minor under 18 years of age without regard to whether his injury arose out of and in the course of his employment. The purpose in providing for double compensation to a minor is to provide compensation for an injury, and not to declare a penalty for illegal employment of a minor. *Stuart* v. *Spencer Coal Co.*, 307 Mich. 685. Whether humanitarian motives should impel an exception to be made in favor of minors and thus grant compensation to minors under 18 years of age without regard to whether the injury arose out of and in the course of the employment is for the legislature and not for the department of labor and industry or for this court to decide. Such an exception would constitute a radical change in the workmen's compensation law. While the department of labor and industry performs quasi-judicial duties it is not possessed of judicial power, and derives its authority from the statute creating it.[*] *Jones* v. *St. Joseph Iron Works*, 212 Mich. 174; *Michigan Mutual Liability Co.* v. *Baker*, 295 Mich. 237.

Reversed and remanded with directions to enter an order denying compensation. Costs to appellants.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, REID, NORTH, and STARR, JJ., concurred.

---

[*] See 2 Comp. Laws 1929, § 8310 *et seq.*, as amended by Act No. 241, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8310 *et seq.*, Stat. Ann. 1945 Cum. Supp. § 17.1 *et seq.*).—REPORTER.