MORRIS v BAKER AUTO PARTS

1. WORKMEN'S COMPENSATION—AWARDS—INTEREST—EQUITY.

Interest on a workmen's compensation award is payable, although not provided for or prohibited by statute, as necessary to do equity.

2. WORKMEN'S COMPENSATION—WORKMEN'S COMPENSATION APPEAL BOARD—AWARDS—INTEREST—POWER TO GRANT.

The Workmen's Compensation Appeal Board has the power to grant fair and reasonable interest on workmen's compensation awards, subject only to judicial review.

3. WORKMEN'S COMPENSATION—AWARDS—INTEREST—PROPER RATE.

An award for payment of interest at the rate of 6% per annum in a workmen's compensation case is proper and legal and is fair, just and valid to compensate an injured worker for monies improperly withheld.

Appeal from Workmen's Compensation Appeal Board. Submitted Division 3 September 16, 1974, at Lansing. (Docket No. 20220.) Decided November 27, 1974.

Claim by Ray E. Morris against Baker Auto Parts, Employers Mutual Casualty Company, Gerald DeYoung, Citizens Mutual Insurance Company, American Auto Parts, Lustre Finish, and Michigan State Accident Fund for workmen's compensation. Compensation granted. Defendants Baker Auto Parts and Employers Mutual Casualty Company appeal by leave granted. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Workmen's Compensation §§ 399, 403.
[2] 58 Am Jur, Workmen's Compensation §§ 374, 522 *et seq.*
[3] 58 Am Jur, Workmen's Compensation § 549.

Ray E. Morris, *in propria persona.*

*Cholette, Perkins & Buchanan* (by *Kenneth L. Block),* for Baker Auto Parts and Employers Mutual Casualty Company.

*Vandeveer, Garzia, Tonkin, Kerr & Heaphy, P. C.* (by *James A. Sullivan),* for Lustre Finish, American Auto Parts, and Michigan State Accident Fund.

*Hillman, Baxter & Hammond,* for Gerald De-Young and Citizens Mutual Insurance Company.

Before: HOLBROOK, P. J., and T. M. BURNS and VAN VALKENBURG,* JJ.

HOLBROOK, P. J. While in the employ of defendant Baker Auto Parts in 1966, plaintiff suffered an injury to his left elbow which necessitated an operation to transplant his ulnar nerve. Plaintiff petitioned on August 28, 1967, for a hearing on his claim for compensation. By decision dated May 17, 1968, the referee found in plaintiff's favor. In November 1969 plaintiff petitioned for another hearing. The hearing was held in May 1972 and plaintiff was awarded continuing partial disability compensation. The award was affirmed by the Workmen's Compensation Appeal Board (hereinafter referred to as WCAB), on April 5, 1974, with the exception that the WCAB ordered that interest be paid at the rate of 6% per annum from the date each weekly payment was due until paid rather than 5% as ordered by the referee. Leave to appeal was granted by this Court on August 21, 1974, restricted to the propriety of the award of

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

6% interest, and we further ordered that past due payments be made forthwith together with interest at 5%, holding in abeyance the additional 1% interest. We are now advised that $12,658.82 for 182 weeks compensation plus 5% interest and some other compensation has since been paid.

In *Maxwell v General Motors Corp, Fleetwood Division,* WCO 1973 No 1075, the WCAB began to order 6% interest be paid in its awards. In this state, interest had not been allowed on workmen's compensation awards until *Wilson v Doehler-Jarvis Division of Nat'l Lead Co,* 358 Mich 510; 100 NW2d 226 (1960). *Wilson* expressly overruled *Fowler v Muskegon County* 340 Mich 522; 65 NW2d 801 (1954). *Fowler* had held that as interest in Michigan was purely statutory and there was no provision in the workmen's compensation law therefor, interest could not be awarded. In *Wilson,* at 358 Mich 514–517; 100 NW2d 228–229, Mr. Justice VOELKER, speaking for the Supreme Court, wrote:

"The Workmen's Compensation Act neither provides for, nor forbids, the allowance of interest by the circuit court; the subject is simply not mentioned. The question is, does the circuit court have authority to allow the legal rate of interest when it enters a judgment on a compensation award? In the *Fowler Case* we said that interest is purely statutory, yet the fact is that we have consistently allowed interest in many cases in which no express statute could be invoked. See *Hammond v Hannin,* 21 Mich 374 (1870) (damages for breach of contract to convey land); *McCreery v Green,* 38 Mich 172 (1878) (fraudulent conveyance, breach of contract); *Snow v Nowlin,* 43 Mich 383; 5 NW 443 (1880) (fraudulent conveyance); *Taylor v Bay City Street R Co,* 101 Mich 140; 59 NW 447 (1894) (damages for negligence); *Kaminski v Wayne County Board of Auditors,* 287 Mich 62; 282 NW 902 (1938) (suit for back salary of a circuit court commissioner).

"On this same subject the United States Supreme Court in *Rodgers v United States,* 332 US 371, 373; 68 S Ct 5; 92 L Ed 3 (1947), speaking through Mr. Justice Black said:

" 'There is no language in the agricultural adjustment act or in any other act of congress which specifically allows or forbids interest on penalties such as these prior to judgment. But the failure to mention interest in statutes which create obligations has not been interpreted by this Court as manifesting an unequivocal congressional purpose that the obligation shall not bear interest. *Billings v United States,* 232 US 261, 284–288; 34 S Ct 421; 58 L Ed 596 (1914). For in the absence of an unequivocal prohibition of interest on such obligations, this Court has fashioned rules which granted or denied interest on particular statutory obligations by an appraisal of the congressional purpose in imposing them and in the light of general principles deemed relevant by the Court. See, *e.g., Royal Indemnity Co v United States,* 313 US 289; 61 S Ct 995; 85 L Ed 1361 (1941); *Board of Commissioners of Jackson County v United States,* 308 US 343; 60 S Ct 285; 84 L Ed 313 (1939).

" 'As our prior cases show, a persuasive consideration in determining whether such obligations shall bear interest is the *relative equities* between the beneficiaries of the obligation and those upon whom it has been imposed. And this Court has generally weighed these *relative equities* in accordance with the historic judicial principle that one for whose financial advantage an obligation was assumed or imposed, and who has suffered actual money damages by another's breach of that obligation, should be fairly compensated for the loss thereby sustained (citing authority).'

"We also feel that the failure of the legislature to mention interest does not necessarily mean that it intended that the obligation created by it should not bear interest. Rather we must look to the purpose of the legislation:

" 'The primary purpose of the Workmen's Compensation Act is to provide compensation for disability or death resulting from occupational injuries or diseases or accidental injury to or death of employees. The

statute is a remedial one enacted primarily for the benefit of the man who works in the pursuits subject to its provisions; it is for the benefit of injured employees and not injured employers.' (24 MLP, Workmen's Compensation, § 2, p 229).

"Who benefited from the delay in payment here? Who, if anyone, suffered any loss? In the instant case, the disputed claim for compensation has been in the throes of litigation for over 5 years. In the meantime the defendant-appellant has had the possession and use of funds that it now appears rightfully belonged all along to the plaintiff, while the plaintiff (theoretically if not actually) had to raise money elsewhere (and presumably pay interest on it) to meet the daily necessities of life. In a real sense, then, the employee and his dependents have been obliged to help subsidize the employer in the long, expensive fight for possession of the money thus wrongfully withheld.

"Considering the broad purposes of the Workmen's Compensation Act and the *various equities* involved we think and hold that the circuit court properly had jurisdiction to allow interest on the award. In so holding we expressly overrule the contrary principles expressed in the *Fowler Case.*" (Emphasis supplied.)

In the case of *Drake v Norge Division, Borg-Warner Corp,* 367 Mich 464, 468; 116 NW2d 842, 844 (1962), our Supreme Court stated:

"Unless interest is charged for past due benefits awarded, the employee inevitably will receive less than he is entitled to receive. By the same token, unless interest is charged for past due benefits awarded, the employer will have had the free use of money determined to have been due the employee. Our belated recognition of the *elementary nature of the equities* involved in this controversy finally establishes a parity between the employee who ultimately collects accrued benefits and the employer who redeems a claim by paying benefits in advance,—at a commuted value of course (1948 CL 412.22; MSA 17.172)." (Emphasis supplied.)

In 3 Larson's Workmen's Compensation Law, § 83.40, pp 354.83–354.84, Professor Larson wrote as follows:

"As to the *right* to interest on compensation payments, there is considerable difference among the states as to the date from which interest should run. Minnesota has held in a death case that interest should run. Minnesota has held in a death case that interest should run only from the date of the claim, not from the date of the death; but Michigan, by judicial decision, has decreed that interest is payable from the date of death, that is, from the date each compensation payment 'would have been due if it had been paid voluntarily,'. rather than from the date of death or the date of the highest appellate decision. Accordingly, in a subsequent case, interest was allowed from the date of injury, 1953, although no claim had been made until 1958. Oklahoma has selected a still different date, that of the award following the original hearing. In the case of an award that had been appealed, vacated, and reinstated, the court held that interest should run from the date the award first became due, that is, immediately after the original hearing and decision, which was favorable to claimant. Florida has held that, when attorneys' fees have been awarded to claimant and the case has been appealed, interest is payable on the attorneys' fees for the time the case is on appeal, if the decision is affirmed." (Emphasis supplied.)

In *Ralston Purina Co v Parsons Feed & Farm Supply, Inc,* 416 F2d 207, 213 (CA 8, 1969), Judge Blackmun, citing the *Rodgers* case, stated that the United States Supreme Court, when faced with the problem of interest not provided for by statute, "has approached and resolved these problems in a sense of equity or fairness".

*Rodgers* was also cited in *Strachan Shipping Co v Wedemeyer,* 452 F2d 1225, 1228, fn 10 (CA 5, 1971), *cert den* 406 US 958; 92 S Ct 2060; 32 L Ed 2d 344 (1972). The lone issue there decided was

whether a Deputy Commissioner of the Bureau of Employees Compensation of the United States Department of Labor, in making a compensation award under the Longshoremen's & Harbor Workers' Compensation Act, 33 USC 901, *et seq.,* had authority to include interest at the rate of 6% per annum on compensation installments from the time payment would have been due had the employer not controverted the right to compensation. In reviewing the legislative history of the act, it was found that, as first enacted in 1927, there was no provision for interest on defaulted payments. The Court wrote, on pp 1229–1230:

"In the absence of a provision either providing for or forbidding the allowance of interest in compensation cases, most state courts have awarded interest on each installment from its due date. The rationale as expressed by the Supreme Court of Florida is particularly pertinent to the case at bar:

" 'The compensation act is to be construed in favor of the working man. Not only have we said this on many occasions but the act itself so provides. Section 440.26, FSA. If an employer controverts the right to compensation, the penalty fixed by the law for an unsuccessful contest is not only the payment in full of the award from the beginning but also attorneys' fees and other specified costs. If a carrier fails to pay an installment due without an award within the specified period of fourteen days, under specified circumstances, the carrier suffers a penalty of 10% thereof, Section 440.20(5); and if the carrier fails to pay an award within fourteen days, there may be added thereto an amount equal to 20% thereof, Section 440.20(6), FS 1951, FSA. The basic philosophy of the act is to insure and secure prompt payment of compensation or other awards to the man who works for wages or his beneficiaries. This Court knows that the smaller the award of compensation, the greater is the need for the prompt payment thereof. It is common knowledge that those who work for small wages are dependent upon such wages for their immedi-

ate livelihood. *Inherent in the act itself is the intention that if such an award is wrongfully withheld (and under the law it is wrongfully withheld if it be eventually determined that it should have been paid), the person or the party which should have paid it should be compelled to pay, as damages for its detention, lawful interest thereon from the date it should have been paid . . . ' Parker v Brinson Construction Co,* 78 So2d 873, 875 (Fla, 1955).

"Under a well-settled rule, this Court should show 'great deference to the interpretation given the statute by the officers or agency charged with its administration.' " (Emphasis supplied.)

Thus, it is apparent that the basis for awarding interest on workmen's compensation awards may rest in equity and fairness absent a specific statute on the subject. The WCAB has awarded interest at 6% per annum. Such awards of interest, when fair and reasonable, should be upheld. We rule that under the law it has that power subject only to judicial review. Under the present law, legal interest is permitted to be charged at the rate of 6% per annum. With this in mind and considering that 6% interest is being awarded to compensate an injured worker for monies improperly withheld, we find that such an award is necessary to do equity and is therefore fair, just and valid. In passing, it is well to state that we are cognizant that an injured worker not paid compensation when due him or her would certainly, if the need arose, not be able to borrow money to live on at the 6% rate awarded.

In speaking of delays in workmen's compensation cases, this Court in *DeMott v Battle Creek Goodwill Industries,* 51 Mich App 127, 130; 214 NW2d 554, 556 (1974), stated in part as follows:

"We do not assess blame for the long delay. Surely, the parties and their attorneys, the hearing referee and

the Workmen's Compensation Appeal Board, and indeed this Court all share responsibility for the extensive time consumed in deciding plaintiff's claim. Perhaps delay occurs because time limits for filing and adjudication are either too lenient or not strictly applied. *In any case, clearly the process takes entirely too long and demands legislative overhaul.* Continuation of the present time consuming system neither serves the litigants nor the policy objectives of the Workmen's Compensation Act." (Emphasis supplied.)

We again reiterate our concern over the long delays occasioned in contested compensation cases through the present process. We note that the fundamental purpose of the Workmen's Compensation Act is to provide payment to injured employees and dependents to enable them to have sustenance while they are in need. Such payment in order to be effective must be received promptly by the proper persons. MCLA 418.801; MSA 17.237(801) in pertinent part reads as follows:

"Compensation shall be paid promptly and directly to the person entitled thereto and shall become payable on the fourteenth day after the employer has notice or knowledge of the disability or death, on which date all compensation then accrued shall be paid. Thereafter compensation shall be paid in weekly installments."

Delays in the WCAB and the Courts on occasion are so extended that when finally determined, there is no one to be paid because the claimants and the dependents died. See *Dean v Arrowhead Steel Products Co, Inc,* 5 Mich App 691; 147 NW2d 751 (1967). Fortunately, in this case the claimant is living and now receiving compensation payments.

We are constrained to suggest that the Legislature give its attention to the problem of such delays as we have addressed ourselves to in this

opinion. It would seem that additional safeguards should be enacted to insure prompt payment in accordance with the statute. Penalties should be provided by statute to be paid by the employer or carrier when payment is withheld in every contested case.

We have held herein that the award of 6% interest by the WCAB is proper and legal. We are aware of the holding in *White v Extra Labor Power of America,* 54 Mich App 370; 221 NW2d 214 (1974), where a panel of this Court found that interest in workmen's compensation cases should be fixed at 5%. We decline to follow the decision for the reasons herein fully explained.

Affirmed. Costs to plaintiff.

All concurred.