TURNER v GENERAL MOTORS CORPORATION

McAVOY v H. B. SHERMAN COMPANY

STRICKLIN v AMERICAN CHAIN AND CABLE COMPANY, INC.

1. Workmen's Compensation—Statutes—Payment of Benefits—
   Due Process.

   A provision of the Workmen's Compensation Act which provides
   for payment to an injured employee of 70% of a hearing
   referee's award while the award is being appealed is a rational
   means of furthering the purposes of the act by providing
   compensation to an injured employee before the employer or
   insurance carrier exhausts its appellate remedies; the provision
   does not deprive the employer of due process of law because
   payment is required only after an adversary hearing before an
   impartial trier of fact (MCLA 418.862; MSA 17.237[862]).

2. Workmen's Compensation—Payment of Benefits—Stay of Pay-
   ment—Irreparable Harm—Statutes.

   An employer who seeks a review of a workmen's compensation
   award is not entitled to a stay of payment of the award unless
   a showing of irreparable harm is made; the grant of such a stay
   pending the outcome of an appeal is discretionary with the
   Workmen's Compensation Appeal Board, the Court of Appeals,
   or the Supreme Court (MCLA 418.862; MSA 17.237[862]).

3. Workmen's Compensation—Payment of Benefits—Reimburse-
   ment—Statutes.

   A section of the Workmen's Compensation Act which provides for
   reimbursement of an employer or insurance carrier of benefits
   paid to an injured employee where an award is reversed on
   appeal does not limit reimbursement only from the Second
   Injury Fund and does not preclude employers or the Second

References for Points in Headnotes

[1–3, 5, 8] 82 Am Jur 2d, Workmen's Compensation § 649 *et seq.*
[4] 16 Am Jur 2d, Constitutional Law §§ 533–539.
[6] 16 Am Jur 2d, Constitutional Law §§ 453–458.
[7] 82 Am Jur 2d, Workmen's Compensation § 608.
[9] 81 Am Jur 2d, Workmen's Compensation § 27 *et seq.*

Injury Fund from seeking reimbursement from the employee; the shifting of the risk of appeal from the claimant to the employer or carrier is consonant with the legitimate state purpose of providing at least minimal support for injured workers while disabled and unable to work (MCLA 418.862; MSA 17.237[862]).

4. CONSTITUTIONAL LAW—STATUTES—EQUAL PROTECTION—LEGISLATIVE CLASSIFICATIONS.

The Court of Appeals, when addressing a claim that a statute is violative of equal protection, must decide whether the legislative classifications created by the statute are reasonable and whether they are reasonably related to the object of the legislation.

5. WORKMEN'S COMPENSATION—STATUTES—PAYMENT OF BENEFITS—EQUAL PROTECTION.

A statute which provides for prompt payment of partial compensation to an injured employee who is awarded compensation by a hearing referee effectuates the purpose of the Workmen's Compensation Act; the imposition on the employer of a heavier risk of appeal than that imposed upon the injured claimant does not result in a denial of equal protection (MCLA 418.862; MSA 17.237[862]).

6. CONSTITUTIONAL LAW—IMPAIRMENT OF CONTRACTS—ENFORCEMENT OF CONTRACTS—REMEDIES.

Remedies for enforcement of a contract may be legislatively modified without violating the constitutional prohibition against the impairment of contracts (US Const, Art I, § 10; Const 1963, art 1, § 10).

7. WORKMEN'S COMPENSATION—AMENDMENTS—RETROACTIVITY.

The Workmen's Compensation Act is remedial legislation and its amendatory legislation should be applied retroactively absent clear indication by the Legislature that only prospective application is to be made.

8. WORKMEN'S COMPENSATION—PAYMENT OF BENEFITS—STATUTES—CHANGE IN PROCEDURE—DUE PROCESS—OBLIGATION OF CONTRACTS.

An amendment to the Workmen's Compensation Act which requires that employers or carriers make immediate payment of benefits upon grant of an award by a hearing examiner is a change in procedure only and does not deprive an employer of property without due process of law or interfere with the obligation of contracts (MCLA 418.862; MSA 17.237[862]).

9. Workmen's Compensation—Administrative Law—Statutes—Implied Powers—Dismissal of Appeal.

The general rule that the powers of administrative bodies do not exceed those expressly conferred upon them by statute or constitution is necessarily qualified by reason and practicality; the power of the Workmen's Compensation Appeal Board to dismiss an employer's appeal of a compensation award for failure to pay benefits to the injured employee pursuant to statute is necessarily implied from the statute (MCLA 418.862; MSA 17.237[862]).

Appeals from Workmen's Compensation Appeal Board. Submitted May 7, 1976. (Docket Nos. 25571, 25597, 25598.) Decided August 5, 1976. Leave to appeal granted, 397 Mich 866.

Claims for workmen's compensation by Thomas Turner against General Motors Corporation, Fisher Body Plant, by Ralph McAvoy against H. B. Sherman Company and American Mutual Liability Insurance Company, and by Wiley Stricklin against American Chain and Cable Company, Inc. and American Mutual Liability Insurance Company. Benefits granted in each case. The defendants appealed to the Workmen's Compensation Appeal Board. Appeals dismissed. Defendants appeal by leave granted. Affirmed.

*Lopatin, Miller, Bindes & Freedman* (by *Michael A. Gantz),* for plaintiff Thomas Turner.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *Edward K. Pedersen, Jr.,* and *John P. Jacobs),* for General Motors Corporation.

*Kasoff, Young, Gottesman, Kovinsky, Friedman & Walkon, P. C.,* for plaintiff Ralph McAvoy.

*Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, P. C.* (by *Robert G. Hodges),* for plaintiff Wiley Stricklin.

*Conklin, Benham, McLeod, Ducey & Ottaway, P. C.* (by *Thomas P. Chuhran),* for H. B. Sherman Company, American Chain & Cable Company, and American Mutual Liability Insurance Company.

Amicus Curiae: *Honigman, Miller, Schwartz & Cohn* (by *Robert A. Fineman* and *Stanley Siegel),* for the Michigan Self-Insurers Association.

Before: T. M. Burns, P. J., and R. B. Burns and V. J. Brennan, JJ.

T. M. Burns, P. J. This case consists of several consolidated appeals from orders of the Workmen's Compensation Appeal Board (hereinafter Appeal Board) dismissing the defendants' appeals from decisions of hearing referees for failure to comply with 1975 PA 34; MCLA 418.862; MSA 17.237(862). The appeals are by leave granted and challenge the constitutionality of that statute and the Appeal Board's authority to enforce the statute by dismissing appeals.

The factual setting for this appeal is illustrated by the history of *Turner v General Motors.* Turner was awarded weekly benefits by a workmen's compensation hearing referee. Defendant filed an application for review with the Appeal Board. Plaintiff subsequently filed a motion to dismiss for defendant's failure to comply with 1975 PA 34. Defendant objected to the motion, asserting that the act was unconstitutional. The Appeal Board notified defendant that failure to comply with the act might result in dismissal of its appeal. Defendant failed to comply with the act, and the Appeal Board dismissed defendant's appeal. The instant appeal followed.

Public Act 34 provides as follows:

"Sec. 862. A claim for review filed pursuant to sections 859 or 861 shall not operate as a stay of payment to the claimant of 70% of the weekly benefit required by the terms of the hearing referee's award. Payment shall commence as of the date of the hearing referee's award and shall continue until final determination of the appeal or for a shorter period if specified in the award. Benefits accruing prior to the referee's award shall be withheld until final determination of the appeal. If the weekly benefit is reduced or rescinded by a final determination, the carrier shall be entitled to reimbursement in a sum equal to the compensation paid pending the appeal in excess of the amount finally determined. Reimbursement shall be paid upon audit and proper voucher from the second injury fund established in chapter 5. If the award is affirmed by a final determination, the carrier shall pay all compensation which has become due under the provisions of the award, less any compensation already paid. Interest shall not be paid on amounts paid pending final determination. Payments made to the claimant during the appeal period shall be considered as accrued compensation for purposes of determining attorneys' fees under the rules of the bureau." (Footnotes omitted.)

The Appeal Board policy has been that the act applied to cases pending appeal on the effective date of the act (May 6, 1975), and that compliance with the act is a prerequisite to perfection of appeals.[1]

## I. DUE PROCESS

The defendants' primary attack on the act raises questions of both substantive and procedural due process. While having considered each argument, we address ourselves to those most warranting discussion.

---

[1] *Karbel v Greyhound Food Management,* 1975 WCABO 223 (July 2, 1975).

We view 1975 PA 34 as a rational means of furthering the valid purposes of the Workmen's Compensation Act. Public Act 34 remedies a long existing injustice in the scheme of compensation: the position of an injured worker who has been awarded benefits on account of a disability but who must often wait years to begin receiving the compensation while the employer or carrier exhausts its appellate remedies.[2]

Defendants argue that the act requires payment pending appeal and without stay and reimbursement after reversal only from a fund which they must keep solvent. They claim that their rights to appeal, to stays of execution and to reimbursement are denied in violation of due process guarantees.

The claim that the act denies the employer due process of law because it must pay money to claimants prior to obtaining judicial review is without merit. Payment is required only after an adversary hearing before an impartial trier of fact. Defendants do not challenge the compliance of the hearing referees with due process requirements.

## A. Stays

The purpose of the act, to provide some means of sustenance for individuals who have been found to be partially or totally incapable of earning a living, is clearly reasonable and rationally related to a legitimate state interest. The humanitarian purposes of the Workmen's Compensation Act are frustrated when the disabled worker is denied

---

[2] The inequities have not gone without judicial notice; *see Morris v Baker Auto Parts,* 57 Mich App 65, 72–74; 225 NW2d 179 (1974), *DeMott v Battle Creek Goodwill Industries,* 51 Mich App 127, 130; 214 NW2d 554 (1974).

benefits while the employer or carrier appeals.[3] Public Act 34 thus provides that an appeal of the award does not operate as an automatic stay of payments under the award. This provision does not violate any constitutional or statutory rights of the employer or carrier.

Defendants appear to assume that they are somehow entitled to an automatic stay of payment of an award when review of the award is sought. To the contrary, the appellant in such cases is not entitled to a stay unless an appropriate showing of irreparable harm is made.[4] Public Act 34 does nothing to interfere with the powers of the Appeal Board, this Court or the Supreme Court from granting a stay of payment pending the outcome of an appeal. Yet it must be recognized that the granting of such a stay is discretionary, not automatic.[5]

## B. Reimbursement

Defendants argue that the carrier or self-insured employer who appeals an adverse ruling of a hearing referee is required by the act to pay benefits to the worker even if the award is reversed on appeal, that reimbursement may be had only from a fund which the appellant is required to keep solvent,[6] and that this is a confiscatory

[3] *Cf. Lee v Jacobs,* 81 Wash 2d 937; 506 P2d 308 (1973).

[4] *Accord, Lee v Jacobs, supra,* footnote 3, *Travelers Insurance Co v Belair,* 284 F Supp 168 (D Mass, 1968), *Employers' Mutual Liability Insurance Co v McLellan,* 290 F Supp 910 (SD NY, 1967), *Johns v Department of Highways,* 431 P2d 148 (Alas 1967).

*See generally, Permian Basin Area Rate Cases,* 390 US 747; 88 S Ct 1344; 20 L Ed 2d 312 (1968).

[5] The provision that applications for review of a referee's award shall not operate as stays of payment is not inconsistent with any court rule. No court rule provides for an automatic stay of payment upon the claiming of an appeal from such decisions.

[6] *See* MCLA 418.551; MSA 17.237(551).

taking of property without due process[7] and a denial of the right to appeal.

Defendants' argument assumes that the act precludes employers (or the Second Injury Fund) from seeking reimbursement from claimants who have been paid pursuant to referees' awards later reversed on appeal. Construing 1975 PA 34 as limiting reimbursement only from the Second Injury Fund might well mandate a finding of unconstitutionality. *Chrysler Corp v Unemployment Compensation Commission, supra,* footnote 7. But the act does not so limit reimbursement. We read the act as providing an equitable system of spreading any loss suffered where attempted recovery from the claimant proves unavailing.[8] Providing as such, the act, rather than denying judicial review, shifts the risk of appeal from the claimant to the employer or carrier. This is completely consonant with the legitimate interest of the state in providing at least minimal support for injured workers while disabled and unable to work. Again, this purpose obviously is frustrated when the injured worker is denied payments until years after his injury is suffered.

## II. EQUAL PROTECTION

The defendants also raise issues concerning the validity of PA 34 under the equal protection

---

[7] *See Chrysler Corp v Unemployment Compensation Commission,* 301 Mich 351; 3 NW2d 302 (1942).

[8] Such construction of the act is both reasonable and necessary. The right of reimbursement from the employee-claimant is recognized both judicially and statutorily. *See Samels v Goodyear Tire & Rubber Co,* 323 Mich 251; 35 NW2d 265 (1948), and MCLA 418.833; MSA 17.237(833). Public Act 34 in no way limits that right.

In construing statutory provisions, we must interpret the legislation such that it comports with reason and constitutionality. *Scholten v Rhoades,* 67 Mich App 736; 242 NW2d 509 (1976), *People v Downes,* 394 Mich 17, 27; 228 NW2d 212 (1975).

clauses of the United States and Michigan Constitutions. In addressing these issues, we must decide whether the legislative classifications are reasonable and whether they are reasonably related to the object of the legislation. *Manistee Bank & Trust Co v McGowan,* 394 Mich 655, 671; 232 NW2d 636 (1975).

It is suggested that PA 34 invidiously discriminates among a common class of litigants (workmen's compensation appellants). The employer or carrier is inordinately burdened in the appeal process, the argument goes, as the claimant receives part of the award pending appeal, lessening the claimant's inclination to contest. On the other hand, the act encourages the claimant to press frivolous appeals as he would continue to receive benefits.

This equal protection argument prompts confusion because it has nothing to do with unequal treatment among similarly situated persons. Comment, nevertheless, is necessary.

The object of the Workmen's Compensation Act is to provide compensation to persons suffering a disability arising from their employment. Such compensation, to be effective, obviously must be provided promptly. So the act provides. MCLA 418.801; MSA 17.237(801). Public Act 34 effectuates this purpose by providing for payment to the claimant of part of the award granted by a hearing referee. Why the claimant should not be entitled to such payment pending the employer's appeal is not answered by the defendants.

Pending appeal, money representing part of the amount awarded by the hearing referee is going to be in the hands of either the employer or the employee. It certainly doesn't fly in the face of reason to conclude that the disabled worker should

receive part of that award during that period of time. The hearing referee has previously determined that the employee is entitled to the award. Because of his disability, the employee needs the money immediately, not months or years hence. Any discrimination against the employer by the imposition of a heavier risk of appeal under this procedure is clearly not irrational or unrelated to the object of the act.

The claim that employee-claimants are encouraged to press frivolous appeals by the act is unsupported. If the hearing referee finds no disability, the claimant doesn't get any benefits. If the claimant does receive an award and it is subsequently reversed, the benefits are terminated. There is nothing in the act which entitles the claimant to benefit payments after the referee's award is reversed.

Also unsupportable is the claim that PA 34 improperly distinguishes between workmen's compensation appellants and all other appellants. No improper distinction between the two in the act has been demonstrated.

## III. RETROACTIVITY

The defendants next challenge the Appeal Board's application of 1975 PA 34 to cases involving injuries which occurred prior to the effective date of the act, May 6, 1975.

Both the United States Constitution and Const 1963, art 1, § 10, prohibit the Legislature from enacting any law which impairs the obligation of contracts. It is suggested that these constitutional provisions apply to workmen's compensation proceedings. such that the employer's or carrier's liability to an injured employee can be no greater

than the statutory liability imposed on the date of the injury. The reasoning is that the liability for benefits is contractual in nature, being based on the employment contract.

The argument is also made that retroactive application of the act is improper because of its alteration of substantive law. That is, it effects a change in the amount of an employer's liability, his right to recover, and the right of the employer to defend against claims of liability.

Again we are faced with arguments inaptly premised. Public Act 34 does nothing to increase the amount of liability for injuries incurred prior to its effective date. Secondly, it is properly within the prerogative of the Legislature to alter the method of enforcing preexisting rights. There is no argument that remedies for enforcement of a contract may be modified without violating the impairment of contract obligations clauses. See *Lahti v Fosterling,* 357 Mich 578; 99 NW2d 490 (1959).

The Workmen's Compensation Act, including 1975 PA 34, is remedial legislation. *Grand Rapids v Crocker,* 219 Mich 178; 189 NW 221 (1922). As such, the amendatory legislation should be applied retroactively, absent clear indication by the Legislature that only prospective application is to be made. *Hansen-Snyder Co v General Motors Corp,* 371 Mich 480; 124 NW2d 286 (1963). To the retroactive application the Legislature has specifically addressed itself, clearly expressing its desire for PA 34 to be applied to cases arising prior to the act's effective date. Senate Concurrent Resolution No. 164, Senate Journal No. 70, p 1230 (June 17, 1975).

Besides the act's remedial nature, its procedural nature must be emphasized. The act concerns a matter of procedure involving the enforcement of

a remedy. The principal object of defendants' concern, the requirement that employers or carriers make immediate payment, is a change in procedure only. The act as a whole and its specific provisions do not deprive the defendants of property without due process of law or interfere with the obligation of contracts. *Cf. Home Building & Loan Association v Blaisdell,* 290 US 398; 54 S Ct 231; 78 L Ed 413 (1934).

## IV. DISMISSAL FOR NONCOMPLIANCE

Defendants assert that the Appeal Board exceeded its authority in dismissing their appeals for failure to comply with PA 34. This argument is forceful.

Administrative bodies are inherently limited in their powers, being creatures of statute or constitution. Their powers generally do not exceed those expressly conferred upon them.[9] But this rule is necessarily qualified by reason and practicality. Typically entrusted with the administration of complex programs, administrative bodies cannot properly function if burdened with inflexible procedure. Administrative authority thus extends beyond that expressly granted to that necessarily implied.

"In determining whether a board or commission has a certain power, the authority given should be liberally construed in light of the purposes for which it was created and that which is incidentally necessary to a full exposition of the legislative intent should be upheld

---

[9] *Gantz v City of Detroit,* 392 Mich 348; 220 NW2d 433 (1974), *McKibbin v Corporation & Securities Commission,* 369 Mich 69; 119 NW2d 557 (1963), *Mason County Civic Research Council v Mason County,* 343 Mich 313; 72 NW2d 292 (1955), *Holloway v Ideal Seating Co,* 313 Mich 267; 21 NW2d 125 (1946), *In re Application of Joe Brown & Sons,* 273 Mich 652; 263 NW 887 (1935), *G F Redmond & Co v Michigan Securities Commission,* 222 Mich 1; 192 NW 688 (1923).

as being germane to the law." *Coffman v State Board of Examiners in Optometry,* 331 Mich 582, 590; 50 NW2d 322 (1951).

The power of the Appeal Board to dismiss an employer's appeal for failure to comply with PA 34 is necessarily implied from the act. Were it not, the act would become meaningless; the very problem PA 34 was designed to alleviate would persist —the award of the disabled worker remaining unpaid while judicial enforcement of the act is sought. We cannot read the Legislature's intent as being directly contrary to its clear expression of policy.

The Appeal Board's dismissal orders came only after written notification to the parties that noncompliance with PA 34 would result in such dismissal. Furthermore, the Appeal Board acted in accordance with its decision in *Karbel v Greyhound Food Management, supra,* footnote 1, of which the defendants were advised.

Defendants' claims of prejudice are groundless. The Appeal Board was not in error in dismissing the appeals.[10]

Affirmed. No costs.

---

[10] Cf. *Ryan v State Prison for Southern Michigan,* 369 Mich 399; 120 NW2d 193 (1963), *Wing v Refiners Transportation & Terminal Corp,* 316 Mich 365; 25 NW2d 561 (1947), *Paselli v Utley,* 286 Mich 638; 282 NW 849 (1938), *Guss v Ford Motor Co,* 275 Mich 30; 265 NW 515 (1936).